# Illinois Official Reports

## Appellate Court

*People v. Eason*, 2020 IL App (3d) 180296

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARIO W. EASON, Defendant-Appellant. |
| District & No. | Third District<br>No. 3-18-0296 |
| Filed | April 9, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Kankakee County, No. 16-CF-288; the Hon. Clark E. Erickson, Judge, presiding. |
| Judgment | Appeal dismissed; cause remanded. |
| Counsel on Appeal | James E. Chadd and Peter A. Carusona, of State Appellate Defender's Office, of Ottawa (Nathaniel A. Nieman, of The Law Centre, of Rock Island, of counsel), for appellant.<br><br>Jim Rowe, State's Attorney, of Kankakee (Patrick Delfino, Thomas D. Arado, and Stephanie L. Raymond, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.<br>Justices Schmidt and Wright concurred in the judgment and opinion. |

¶ 1 The defendant, Mario W. Eason, appeals following his conviction on four counts of unlawful delivery of a controlled substance. He argues that the circuit court's calculation of his street value fine was erroneous and requests that this court vacate that fine outright.

## I. BACKGROUND

¶ 3 The defendant proceeded to a jury trial on four counts of unlawful delivery of a controlled substance (720 ILCS 570/401(c)(2) (West 2016) (counts I and IV); *id.* § 401(a)(2)(A) (counts II and III)). At trial, confidential informant Marcus Thomas and Kankakee police officer Chris Benoit each testified to the details of four controlled buys, at which Thomas provided the defendant with money in exchange for cocaine. The jury found the defendant guilty on all counts.

¶ 4 The court sentenced the defendant to 12 years' imprisonment on each count, to run concurrently. The State then reminded the court of the street value fine, urging that it be imposed in the amount of $8260. The court asked defense counsel if he would agree to that figure. Counsel responded: "Just for the record I object to that." The court nevertheless imposed the street value fine in that amount. The defendant filed a timely motion to reconsider sentence. The street value fine was not raised in that motion.

## II. ANALYSIS

¶ 6 On appeal, the defendant argues that the State—and, in turn, the court—used an improper method in calculating the street value of the seized cocaine. The State insists that this court does not have jurisdiction to consider that particular issue. As always, we begin by addressing this court's jurisdiction.

¶ 7 Illinois Supreme Court Rule 472 (eff. May 17, 2019) provides:

"(a) In criminal cases, the circuit court retains jurisdiction to correct the following sentencing errors at any time following judgment and after notice to the parties, including during the pendency of an appeal, on the court's own motion, or on motion of any party:

(1) Errors in the imposition or calculation of fines, fees, assessments, or costs;

\* \* \*

(c) No appeal may be taken by a party from a judgment of conviction on the ground of any sentencing error specified above unless such alleged error has first been raised in the circuit court. When a post-judgment motion has been filed by a party pursuant to this rule, any claim of error not raised in that motion shall be deemed forfeited.

\*\*\*

(e) In all criminal cases pending on appeal as of March 1, 2019, or appeals filed thereafter in which a party has attempted to raise sentencing errors covered by this rule for the first time on appeal, the reviewing court shall remand to the circuit court to allow the party to file a motion pursuant to this rule."

¶ 8 There is no dispute that the calculation and imposition of the street value fine is the kind of issue contemplated by Rule 472. The State argues that the defendant failed to preserve the

issue because he did not raise it in his postsentencing motion. Accordingly, the State contends, this court may not consider the issue under subsection (c) of Rule 472 and must instead remand the matter under subsection (e).

¶ 9 For his part, the defendant claims that he did "raise" the issue before the circuit court, as that term is used in subsections (c) and (e) of the rule. While he concedes that he did not "preserve" the issue for appeal by raising it in his postsentencing motion,[1] he contends that "raising" the issue in the lower court is a lower threshold. The defendant maintains that his objection to the imposition of the street value fine sufficiently "raised" the issue in the circuit court, thus providing this court, under Rule 472, with the authority to address his argument. Of course, because he admits the issue was not fully preserved, he concedes that this court would review that issue under the rubric of plain error. The State counters that Rule 472 has completely done away with any need for plain error review with respect to fines and fees issues. It insists that "raising" a sentencing issue under subsections (c) and (e) must be construed identically with the requirements of preserving an issue for appeal, *i.e.*, a defendant must object and raise the issue in a postjudgment motion.

¶ 10 The present dispute is a clear matter of statutory construction. The principles that guide statutory construction also guide construction of our supreme court's rules. *People v. Tousignant*, 2014 IL 115329, ¶ 8. Our goal is to ascertain and give effect to the intention of the drafters of the rule—in this case, our supreme court. *People v. Campbell*, 224 Ill. 2d 80, 84 (2006). "In addition to the language used, the court may consider the purpose behind the law and the evils sought to be remedied, as well as the consequences that would result from construing the law one way or the other." *Tousignant*, 2014 IL 115329, ¶ 8.

¶ 11 The intent behind Rule 472 is readily apparent. Issues relating to fines and fees have frequently gone unaddressed in the lower courts, a result of the fact that such assessments are often only imposed after sentencing. As a result, appellate courts faced a growing tide of appeals raising only those monetary issues. Rule 472 attempts to quell that tide by providing the circuit court with jurisdiction, at any time after sentencing, to address those issues for the first time.

¶ 12 We need not rely on our own suppositions. Our supreme court itself has set forth in explicit detail the policy considerations underlying the new rule. In a document titled "Overcoming the Chronic Challenge of Correcting Sentencing Errors: Help is on the Way," then-Chief Justice Lloyd Karmeier explained:

> "To deal with those situations, the new rules create a clear and unambiguous mechanism for fixing the specified types of sentencing errors discovered after judgment has been entered, eliminating uncertainty regarding what needs to be done, where, when and how. The rules make clear that motions to correct the enumerated errors may be made at any time after judgment, including while the case is on appeal, *but such motions must always be directed to the circuit court in the first instance*. If they are not—if the circuit court is not given first crack at fixing the error—the error cannot be grounds for an appeal." (Emphasis added.) Lloyd A. Karmeier, *Overcoming the Chronic Challenge of Correcting Sentencing Errors: Help is on the Way*, Ill. Cts.

---

[1]To preserve an issue for appeal, a party must make a contemporaneous objection and raise the issue in a postjudgment motion. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988).

Connect (Ill. Supreme Court), Feb. 25, 2019, http://illinoiscourts.gov/Media/enews/ 2019/022519_chief_article.asp [https://perma.cc/R3H6-7X3B].

¶ 13 To the defendant's point, it is easy to envision a scenario in which an issue is fully raised before the circuit court—that is, the circuit court is "given first crack at fixing the error" (*id.*)—despite not being included in a postjudgment motion. For example, consider a sentencing hearing at which the street value fine is the central issue, complete with witnesses and robust argument from the parties. In that situation, it would be difficult to find that the issue had not been "raised" or that the circuit court had not already considered the issue. On the other hand, the State's contention that plain error review is simply no longer applicable to fines and fees comports more with our supreme court's stated desire for a "clear and unambiguous mechanism." *Id.*

¶ 14 The present dispute can be settled, however, on narrower grounds. Defense counsel's cursory objection in this case is far from the scenario considered above. Counsel did not "raise" the issue in any meaningful way. The *pro forma* objection, without an actual argument as to why the court was committing error, provided no actual opportunity for the circuit court to fix an error. Indeed, no error was actually identified. The defendant's current arguments as to why his street value fine was improper are arguments that are being made for the first time on appeal. Under Rule 472, this court may not address those arguments. Because we find that the defendant did not raise the current issue in the circuit court, we need not rule upon the broader question of whether plain error review may ever be applicable to the types of errors contemplated in Rule 472.

¶ 15 Where a Rule 472 issue is raised for the first time on appeal, Rule 472(c) dictates that "[n]o [such] appeal may be taken" by the reviewing court. Ill. S. Ct. R. 472(c) (eff. May 17, 2019). This indicates that we should dismiss the defendant's appeal. Rule 472(e), however, mandates that in appeals "in which a party has attempted to raise sentencing errors covered by this rule for the first time on appeal, the reviewing court shall remand to the circuit court to allow the party to file a motion pursuant to this rule." Ill. S. Ct. R. 472(e) (eff. May 17, 2019). We therefore dismiss the defendant's appeal and remand the matter so that the defendant may file a motion pursuant to Rule 472 in the circuit court.

¶ 16                                         III. CONCLUSION
¶ 17 The appeal is dismissed, and the cause is remanded.

¶ 18 Appeal dismissed; cause remanded.