No. 2-18-0794
Order filed June 14, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 12-CF-878 |
| MAURICE JONES, | ) ) | Honorable Victoria A. Rosetti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Justice Jorgensen concurred in the judgment.
Justice Birkett specially concurred.

**ORDER**

¶ 1   *Held*: Although defendant's postconviction petition stated a gist of a constitutional claim to survive first-stage review, none of the petition's six claims made a substantial showing of a constitutional violation. Thus, the trial court did not err in granting the State's motion to dismiss defendant's postconviction petition.

¶ 2   This is defendant, Maurice Jones's, second appeal in connection with his postconviction petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2014)). In the first appeal, we reversed the summary dismissal of defendant's petition. *People v. Jones*, 2017

IL App (2d) 151145-U (*Jones I*). On remand, the State moved to dismiss the petition, and the trial court granted the motion. Defendant now appeals from the dismissal. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     Much of the following background is taken verbatim from our decision in *Jones I*. On August 21, 2012, defendant entered a negotiated plea of guilty in the circuit court of Lake County to a single count of armed violence (720 ILCS 5/33A-2(c) (West 2012)). Under his plea agreement, defendant was sentenced to a 25-year prison term and the State nol-prossed other charges against him, including a charge of attempted first-degree murder. Defendant did not pursue a direct appeal from the conviction. Through counsel, defendant filed his postconviction petition on August 18, 2015. He alleged that he did not receive the effective assistance of counsel in connection with his plea and that his sentence was disparate to the sentences received by his codefendants.

¶ 5     When defendant entered his plea, he was represented by attorney Anthony J. Carullo. As the factual basis for the plea, the prosecutor stated that, if the matter proceeded to trial, officers from the Waukegan Police Department would testify that, on Saturday, March 24, 2012, Dennis Metz was shot during a robbery. Metz worked at a bowling alley with Jessica Baynes. Baynes, who was the mother of defendant's son, had previously told defendant that cash receipts from the bowling alley were taken to the bank on Saturday mornings. Defendant, Baynes, and Jeremy Miller devised a plan to steal the cash receipts. Defendant and Miller drove in a stolen van to the bowling alley. One of them approached Metz, shot him, and took the receipts. Then they drove to a location where Baynes was waiting in her car. They all fled in Baynes's car. A witness who observed the offenders getting into Baynes's car was able to identify that vehicle. Defendant and Baynes were arrested the next day. Both admitted their involvement in the plan to rob the bowling alley. Both also admitted that Metz had been shot. Defendant's attorney stipulated to the factual basis, with

the proviso that "there was another individual who is an unnamed conspirator in this, and that the State's evidence would show that [defendant] is not, in fact, the shooter in this matter."

¶ 6    Baynes and Miller were also charged in connection with the shooting. On September 10, 2013, Baynes pleaded guilty to aggravated battery (720 ILCS 5/12-3.05(e)(1) (West 2012)) and was sentenced to a 10-year prison term. At Baynes's sentencing hearing, it was noted that Miller had pleaded guilty to an unspecified offense and was sentenced to probation and a 160-day jail term.

¶ 7    In his postconviction petition, defendant alleged as follows. He was arrested at 3:09 p.m. on March 24, 2012. He was instructed by officers to remove his shirt and shoes. Before making any incriminating statements to the police, he told the officers that he needed a lawyer. He told "multiple officers on multiple occasions that he wanted to speak with an attorney," and the officers "ignored and/or denied Defendant's requests to speak with an attorney, and continued to question him." Defendant later learned that his family had retained an attorney for him. The attorney, Steven Goldman, arrived at the police station while defendant was being questioned, but defendant was never told. In his affidavit, defendant stated, "As the interrogation continued, I told the detectives that I was concerned about my son's mother, Jessica Baynes." A police officer told defendant that, if he gave a statement, he could see Baynes and she would be released. Defendant made oral and written statements to the police admitting his involvement in the robbery and shooting but claiming that someone named "Neo" had shot Metz. Neo was not involved in the initial planning of the robbery, but Miller brought him along to participate in the robbery and he met with defendant, Baynes and Miller when they went over the plan. Among the attachments to defendant's petition was his written statement to the police, dated "3/25/12 @ 2:00 pm."

¶ 8    Defendant further alleged in his petition that he advised Carullo of the circumstances under which he gave his statements. Defendant claimed that, by failing to move to suppress his statements and by recommending that defendant enter a negotiated plea, Carullo provided ineffective assistance.

¶ 9    Defendant also claimed that Carullo failed to properly advise him about the penalties he faced if he went to trial. As part of defendant's plea agreement, the State nol-prossed a charge of attempted first-degree murder (720 ILCS 5/8-4(a), 9-1(a)(1) (West 2012)). That offense is a Class X felony, but the indictment included notice that "the People are seeking that a sentence of 25 years or up to a term of natural life be added to the term of imprisonment imposed by the court, in that the defendant[] personally discharged a firearm that proximately caused great bodily harm to Dennis Metz." See 720 ILCS 5/8-4(c)(1)(D) (West 2012). In contrast, the other charges against defendant carried a maximum sentence of no more than 30 years' imprisonment. According to the petition, the State would not have been able to meet the burden of proving that defendant was guilty of attempted murder or that he personally discharged a firearm. Defendant alleged that Carullo did not explain this to him; had defendant known, he would not have accepted the State's plea offer.

¶ 10    Defendant supported the petition's allegations with his affidavit and various other documents, including the transcript of Baynes's sentencing hearing.

¶ 11    As noted, in *Jones I*, we reversed the summary dismissal of the petition. We concluded that the petition stated the gist of a claim that defendant received ineffective assistance of counsel because his attorney did not move to suppress his statements on the basis that the police questioned defendant after he requested an attorney. *Jones I*, 2017 IL App (2d) 151145-U, ¶¶ 11-12. Under *Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981), an "accused *** having expressed his desire to

deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police."

¶ 12    Because a petition must advance to the second stage if even one of its claims is not frivolous or patently without merit, we did not consider the remaining claims in the petition. *Jones I*, 2017 IL App (2d) 151145-U, ¶ 12. On remand, the State moved to dismiss the petition, and the trial court granted the motion.

¶ 13                                    II. ANALYSIS

¶ 14    The following principles govern proceedings under the Act:

"A defendant may initiate proceedings under the Act by alleging that 'in the proceedings which resulted in his or her conviction[,] there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both' [citation]. Section 122-1(b) of the Act provides that '[t]he proceeding shall be commenced by filing with the clerk of the court in which the conviction took place a petition (together with a copy thereof) *verified by affidavit.*' (Emphasis added.) [Citation.] ***

*** [T]he Act establishes a three-stage process for adjudicating a postconviction petition. [Citations.] At the first stage, 'the trial court, without input from the State, examines the petition only to determine if [it alleges] a constitutional deprivation unrebutted by the record, rendering the petition neither frivolous nor patently without merit.' (Emphasis omitted.) [Citation.] Section 122-2.1 of the Act directs that, if the trial court determines that the petition is frivolous or patently without merit, it shall dismiss it in a written order. [Citations.]

If a petition is not dismissed at the first stage, it proceeds to the second stage ***. At the second stage, the State has the option to either answer or move to dismiss the petition. [Citation.] The trial court then determines whether the petition alleges a 'substantial showing of a constitutional violation.' [Citation.] ***

If the allegations in the petition, supported by the record and accompanying affidavits, demonstrate a substantial violation of a constitutional right, the petition proceeds to the third stage, at which point the court conducts an evidentiary hearing. [Citation.] A defendant is not entitled to an evidentiary hearing as a matter of right [citation], but rather the defendant must make specific and factual assertions." *People v. Turner*, 2012 IL App (2d) 100819, ¶¶ 17-20.

¶ 15 This appeal arises from the second-stage dismissal of defendant's petition. When a petition is dismissed at that stage, our review is *de novo*. *Id.*, ¶ 21. "Dismissal is warranted at the second stage where the defendant's claims, liberally construed in light of the trial record, fail to make a substantial showing of a constitutional violation." *Id.* Factual allegations are taken as true unless rebutted by the record. *Id.*

¶ 16 Defendant's petition raises six claims of error that should entitle him to an evidentiary hearing. First, as discussed in *Jones I*, defendant argues that Carullo provided ineffective assistance by not filing a motion to suppress statements he made during interrogation after he requested an attorney. Second, defendant argues that Carullo provided ineffective assistance by not filing a motion to suppress his confession because Goldman was available but not permitted to be present during the interrogation. Third, defendant argues that his confession was involuntary. Fourth, defendant argues Carullo provided ineffective assistance with respect to his plea. Fifth, defendant

argues that his sentence was disparate to Miller's sentence. Finally, defendant argues the trial court improperly enhanced his sentence.

¶ 17    We first consider whether defendant is entitled to an evidentiary hearing on the claim that he asked for an attorney during interrogation, that the police continued to question him without honoring the request, that he advised Carullo of those facts, and that Carullo failed to move to suppress defendant's confession. In *Jones I*, we held that this claim was sufficient to survive summary dismissal at the first stage of the proceeding. In doing so, we noted that the claim was supported by defendant's affidavit and that it could be inferred that Carullo and the officers who interrogated defendant would not provide affidavits. We further held that, for that reason, section 122-2 did not require affidavits from those individuals. *Jones I*, 2017 IL App (2d) 151145-U, ¶ 11 n.1.

¶ 18    At the first stage of the proceedings, the defendant need only show the "gist" of a constitutional claim. *People v. Hoekstra*, 371 Ill. App. 3d 720, 722 (2007). To survive a motion to dismiss at the second stage, however, the petition and affidavit must meet a higher standard; they must make a substantial showing of a constitutional violation. Here defendant's petition falls short. Despite defendant's request for counsel, he ultimately chose to speak to the police on his own accord and initiative. According to his affidavit, it was defendant who raised his concerns about Baynes with the police. Defendant thus initiated the conversation that led to his confession. Accordingly, the confession was not improper, and defendant's motion to suppress would have failed. See *Edwards*, 451 U.S. at 484-85 (holding defendant who expressed desire to deal with the police only through counsel was not subject to further interrogation unless he initiates further conversation). Carullo was not ineffective for failing to bring such a motion.

¶ 19   We move to the postconviction claims that we did not consider in *Jones I*. We consider first whether defendant stated a substantial claim that Carullo was ineffective by failing to move to suppress defendant's confession because Attorney Goldman was available and traveled to the site of the interrogation but was not permitted to be present at the interrogation. Under the Illinois Constitution, "when police, prior to or during custodial interrogation, refuse an attorney appointed or retained to assist a suspect access to the suspect, there can be no knowing waiver of the right to counsel if the suspect has not been informed that the attorney was present and seeking to consult with him." (Internal quotation marks omitted) *People v. McCauley*, 163 Ill. 2d 414, 425 (1994). At issue here is whether defendant's affidavit was sufficient to substantiate this claim. We find that it was not. "The affidavits that accompany a postconviction petition must identify with reasonable certainty the sources, character, and availability of the alleged evidence supporting a defendant's allegations." *People v. Carter*, 2017 IL App (1st) 151297, ¶ 129. Defendant averred that he "learned" that Goldman had not been permitted to assist him. Defendant did not specify how he learned that, so the affidavit does not establish the source, character, or availability of the evidence that Goldman was prevented from assisting defendant.

¶ 20   Presumably, Goldman himself could have substantiated defendant's allegations if they were true. Defendant argues, however, that he could not be expected to secure an affidavit from Goldman. The affidavit requirement will be relaxed where it can be inferred that an affidavit would be unavailable. See *People v. Collins*, 202 Ill. 2d 59, 67-68 (2002). Thus, a defendant cannot be expected to secure an affidavit from counsel that would expose counsel's incompetence. The same reasoning applies to police officers accused of misconduct. However, the allegations in the petition do not suggest that Goldman had any similar reason to refuse to provide an affidavit. Although defendant argues that "[w]itnesses, including lawyers, do not savor the opportunity to get involved

in legal proceedings," reticence to provide an affidavit is qualitatively different from the disincentive that an attorney would have if an affidavit would show that he or she provided a client with deficient representation. We thus conclude that defendant is not entitled to an evidentiary hearing on his claim that Goldman was prevented from assisting him.

¶ 21    Defendant also claimed in his petition that his confession was involuntary because "[he] was forced to remove his shirt and shoes; he was repeatedly denied access to an attorney; and he was told that if he gave a statement, the mother of his child would be released." Defendant did not discuss this claim in his opening brief. However, the State addressed it in its brief and defendant responded in his reply brief. Under Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) points raised for the first time in the reply brief are forfeited. However, Rule 341(j) (eff. Oct. 1, 2020) "permits appellants to reply to arguments presented in the brief of the appellee," as "[i]t would be unfair for us to require an appellant, when writing his or her opening brief, to anticipate every argument that may be raised by an appellee" (*People v. Whitfield*, 228 Ill. 2d 502, 514 (2007)). By raising the issue of voluntariness in its brief, the State arguably invited defendant to respond in his reply brief, notwithstanding the forfeiture.

¶ 22    Be that as it may, defendant's argument is without merit. In his reply brief, defendant argues that "promises of leniency result in involuntary statements." Citing *People v. Eckles*, 128 Ill. App. 3d 276, 278 (1984), defendant contends that "[a] police officer's statement is a promise of leniency if it is coupled with a suggestion of a specific benefit that will follow if a defendant confesses." According to defendant, releasing Baynes and allowing him to see her were the type of benefits associated with a promise of leniency. Contrary to defendant's argument, it has been observed that:

"[A] confession is not rendered involuntary merely because promises or suggestions of leniency have been made. [Citations.] Rather, such a promise is only one factor to be considered in determining whether, in the totality of circumstances, the defendant's confession was voluntary. [Citation.] The test in making such a determination is whether the confession was given without compulsion or inducement that would overcome the defendant's will." *People v. Wright*, 127 Ill. App. 3d 747, 751-52 (1984).

Defendant has not discussed the totality of the circumstances here. Nor has he cited any case law holding that the sort of promise allegedly made in this case is sufficient to overcome the defendant's will without regard to other relevant circumstances. Accordingly, we reject defendant's argument.

¶ 23    Defendant next contends that he is entitled to an evidentiary hearing on his petition's claim that he received ineffective assistance of counsel in connection with his plea, because his attorney advised him that if he proceeded to trial, he would be convicted of attempted first-degree murder under a theory of accountability. Defendant argues that the evidence would not have established that he was accountable for the shooting. (We note that defendant does not address the question of whether, if convicted of attempted first-degree murder, he would have been subject to the 25-years-to-life add-on for personally discharging a weapon.) Defendant's argument is meritless. In his statement to police, defendant indicated that he planned the robbery with Miller and Baynes. The shooter, Neo, participated in the robbery and was present when defendant, Baynes, and Miller went over the plan. "Under the common design rule, where two or more persons engage in a common criminal design of agreement, any acts in furtherance committed by one party are considered to be the acts of all parties to the common design and all are equally responsible for the consequences." *People v. Johnson*, 2014 IL App (1st) 120701, ¶ 22. Furthermore:

"Under the common-design rule, the State need not prove that the defendant and the principal shared the same intent *vis-à-vis* the charged crime. Instead, as this court has held, 'the State need only prove the accused had the specific intent to promote or facilitate *a* crime. Once the State proves the accused intended to promote or facilitate *a* crime, it has established the accused's responsibility for *any* criminal act done in furtherance of the intended crime.' (Emphases in original.) [Citation.]" *People v. Phillips*, 2014 IL App (4th) 120695, ¶ 43.

¶ 24 Based on defendant's statement and the factual basis for defendant's plea, it does not appear that the State would have had any difficulty in proving that defendant and Neo engaged in a common criminal design to rob Metz and that Neo shot Metz in furtherance of that crime. *People v. Johnson*, 2014 IL App (1st) 122459-B, cited by defendant, is distinguishable. In that case, the court found that the defendant was not accountable for a shooting because he drove the shooter away from the scene of a murder, where the defendant did not participate in planning the shooting and had no idea that the shooter was armed and intended to shoot the victim. In *Johnson*, unlike in this case, there was no evidence that the defendant and the shooter were engaged in any common criminal design. *Id.* ¶ 133. Another case cited by defendant, *People v. Taylor*, 186 Ill. 2d 439, 448 (1999), is distinguishable for the same reason. We thus reject defendant's argument that his plea was the result of counsel's failure to accurately advise him of the likelihood of a conviction of attempted first-degree murder.

¶ 25 Defendant next contends that he is entitled to an evidentiary hearing on the claim in his petition that his sentence is disparate to Miller's. "To prevail on a claim of disparate sentencing, a defendant bears the burden of demonstrating that he and his codefendant were both (1) equally culpable and (2) similarly situated with respect to background, prior criminal history, and potential

for rehabilitation." (Internal quotation marks omitted.) *People v. Guerrero*, 2020 IL App (1st) 172156, ¶ 53. Miller pleaded guilty to an unspecified, though evidently less serious, offense than that to which defendant pled guilty. Miller was sentenced to probation and a 160-day jail term. Defendant claims that he and Miller were similarly culpable. If one considers only the factual basis for defendant's plea, that would appear to be true. However, we are aware of no authority that the factual basis for one defendant's guilty plea is controlling for a codefendant's culpability. More importantly, the record indicates that the State faced hurdles in proving Miller's culpability.

¶ 26    According to the transcript of her sentencing hearing, Baynes argued, in part, that a 15-year sentence (which the State requested) would be excessive when compared with Miller's sentence. The State responded that the only evidence it had that Miller was involved were statements by defendant and Baynes. Hence, the State would have been unlikely to secure a conviction against Miller for a serious offense without cooperation from defendant or Baynes, which apparently was not forthcoming. We note that "[d]isparate sentences imposed on defendants *convicted of similar offenses* may be justified if there is a valid reason for the disparity." (Emphasis added.) *People v. McGowan*, 2013 IL App (2d) 111083, ¶ 15. The disparity here exists because the codefendant was permitted to plead guilty to a different offense based on a reasonable determination that the evidence would not support a conviction of a more serious crime. Thus, defendant cannot establish that he and Miller equally culpable of the crime.

¶ 27    Finally, defendant argues that the trial court improperly enhanced his sentence based on a conviction of aggravated unlawful use of a weapon that is void under *People v. Aguilar*, 2013 IL 112116. Defendant's sentence was negotiated, but he contends that the trial court relied on the void conviction in approving the agreed sentence. Defendant did not raise this issue in his postconviction petition. A defendant may at any time attack a sentence as void if the underlying

conviction was based on a criminal statute that was void *ab initio*. *People v. Stoecker*, 2020 IL 124807, ¶ 28. However, it does not follow that a negotiated sentence is void because the trial court approved it based on a void conviction in the defendant's criminal history. Thus, defendant's claim was subject to waiver, and defendant waived it by failing to raise it in his petition. See 725 ILCS 5/122-3 (West 2018).

¶ 28    Because none of the alleged claims of error rise to the level of a substantial showing of a constitutional violation, defendant is not entitled to an evidentiary hearing, and the trial court did not err in dismissing defendant's postconviction petition.

¶ 29                                III. CONCLUSION

¶ 30    For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

¶ 31    Affirmed.

¶ 32    JUSTICE BIRKETT, specially concurring:

¶ 33    I believe, as the trial court found, that defendant's claim of ineffective assistance of trial counsel for failure to file a motion to suppress is waived. In this case, the record is abundantly clear that defendant was aware of the grounds for a motion to suppress, which he says he conveyed to his lawyer before the guilty plea. He entered a plea of guilty and was properly admonished regarding the filing of a post plea motion to preserve any issue for review. Defendant did not file a motion to withdraw his plea. "Even if it could be said that the allegation with respect to damaging admissions made by the defendant presented a constitutional question, the plea was waived by voluntary pleas of guilty." *People v. Brown*, 41 Ill. 2d 503, 505 (1969). Our supreme court has made clear that the waiver rule in supreme court rule 604(d) "applies to post-conviction proceedings as well as to appeals." *People v. Stewart*, 123 Ill. 2d 368, 374 (1988) (citing *People v. Ward* 48 Ill. 2d. 117, 120-21 (1971).

¶ 34    In this case, the trial court's order cited *People v. Peeples*, for the proposition that a voluntary guilty plea waives all errors or irregularities that are not jurisdictional. "Issues waived by a defendant's guilty plea include the admissibility of his or her confession." 155 Ill. 2d 422, 491 (1993). There is no exception to the waiver rule where a defendant wraps the confession issue into a claim of ineffective assistance of counsel. During the plea hearing, the trial court asked the defendant whether he had "any other questions or issues that [he wanted] to go over with [his] attorney before [the court went] over the agreement," and defendant answered, "No." In his affidavit, defendant says that he told "Mr. Carullo [he] wanted a motion to suppress [his] statements filed." This claim should have been brought in a timely post plea motion, not in a postconviction petition. As such, the claim is waived.