No. 2-24-0200
Order filed December 31, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 12-CF-878 |
| MAURICE JONES, | ) ) ) | Honorable Victoria A. Rossetti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices McLaren and Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court had jurisdiction under Illinois Supreme Court Rule 472 to hear defendant's motion to correct his sentencing order. The trial court erred in denying that motion and this court, pursuant to Illinois Supreme Court Rule 615(b), orders the sentencing order amended in a manner consistent with this disposition.

¶ 2    Defendant, Maurice Jones, appeals from an order of the circuit court of Lake County denying his motion to correct the written sentencing order in his prosecution for armed violence (720 ILCS 5/33A-2(c) (West 2012)). For the reasons that follow, we vacate defendant's sentencing order and direct the trial court to amend the sentencing order in a manner consistent with this dispostion.

¶ 3                                    I. BACKGROUND

¶ 4      In April 2012, a Lake County grand jury returned a five-count indictment against Jessica

N. Baynes, Jeremy D. Miller, and defendant. Count II charged that, on March 24, 2012, defendant

and his codefendants committed the offense of armed violence

>      "in that *** while armed with a Category I dangerous weapon, a handgun, [they] performed
>
>      acts prohibited by 720 ILCS 5/12-3.05(a)(1), in that said defendants, in committing a
>
>      battery, in violation of section 12-3 of Act 5 of Chapter 720 of the Illinois Compiled
>
>      Statutes, knowingly caused great bodily harm to Dennis Metz, in that said defendants
>
>      struck Dennis Metz about the body, *in violation of 720 ILCS 5/33A-2(c)*[.]" (Emphasis
>
>      added.)

¶ 5      On August 21, 2012, defendant entered a negotiated plea of guilty to count II of the

indictment. Under his agreement with the State, defendant would receive a 25-year prison sentence

for armed violence to be served at 85%, and the remaining charges would be nol-prossed. At the

guilty plea hearing, the trial court advised defendant that armed violence was a Class X felony

punishable by a prison sentence of 15 to 30 years to be served at 85%.

¶ 6      As the factual basis for the plea, the prosecutor recited that, if called as witnesses,

Waukegan police officers would testify that, on March 24, 2012, defendant and his codefendants,

"while armed with a category one dangerous weapon, a handgun, while committing a battery

knowingly caused great bodily harm to Dennis Metz in that Mr. Metz was struck about the body

during the course of this encounter." The prosecutor explained that Metz worked at a bowling alley

and defendant and his codefendants planned to rob him when he took the bowling alley's cash

receipts to the bank. According to the prosecutor, defendant and Miller parked their stolen van

near the bowling alley and "[o]ne of the offenders approached Mr. Metz without saying a word,

2025 IL App (2d) 240200-U

shot him in the back, and took the proceeds." After the prosecutor recited the factual basis, defendant's attorney stated, "Normally I would stipulate; however, I would point out that the State's evidence that we do stipulate to which there was another individual who is an unnamed conspirator in this, and that the State's evidence would show that Mr. Jones is not, in fact, the shooter in this matter. ***."

¶ 7    Before accepting the plea, the trial court issued admonishments to defendant, which included the following exchange:

"Q: This charge of armed violence is a Class X felony, but because of the way it is charged, the potential penalty could be between 15 and 30 years in the Department of Corrections. It is served at 85 percent, not day for day or good time. You understand?

A: Yes.

***

Q: You cannot receive probation, conditional discharge, or periodic imprisonment. It is a mandatory sentence of at least 15 years in the Department of Corrections. Do you understand?

A: Yes.

***

Q: Have you been promised anything other than this negotiation?

A: No."

¶ 8    The trial court accepted defendant's plea of guilty to count II, dismissed the remaining charges, and sentenced defendant per the parties' agreement. The written sentencing order indicated that defendant had been convicted of violating "720 ILCS 5/33A-2(c) [(West 2012)]." Defendant did not move to withdraw his plea. In 2015, defendant filed a petition for relief under

the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2014)). The trial court summarily dismissed the petition (*id.* § 122-2.1(a)(2)), but we reversed and remanded for further proceedings. *People v. Jones*, 2017 IL App (2d) 151145-U. On remand, the State moved to dismiss the petition, and the trial court granted the motion; we subsequently affirmed the dismissal order. *People v. Jones*, 2021 IL App (2d) 180794-U.

¶ 9    In 2023, defendant filed a petition under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2022)), seeking relief from the judgment of conviction. The trial court dismissed the petition, and we affirmed. *People v. Jones*, No. 2-23-0192 (2023) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 10    On February 8, 2024, defendant filed a motion under Illinois Supreme Court Rule 472 (eff. Feb. 1, 2024) to correct the "mittimus." By "mittimus," defendant meant the August 21, 2012, sentencing order. He contended that he had pleaded guilty to armed violence as defined in 720 ILCS 5/33A-2(a) of the Criminal Code of 2012 (Code) (720 ILCS 5/33A-2(a) (West 2012)) but that the sentencing order incorrectly stated that he had been convicted under section 33A-2(c) of the Code (*id.* § 33A-2(c)). The trial court disagreed with the defendant's contention and denied the motion.

¶ 11    This appeal followed.

¶ 12                                   II. ANALYSIS

¶ 13    After this appeal was fully briefed, we ordered the parties to file supplemental briefs on the following issues: "(1) whether Illinois Supreme Court Rule 472(a) applies in this case, given that that rule took effect several years after the judgment of conviction on appellant's guilty plea became final and (2) if Rule 472(a) does not apply, whether this court has jurisdiction." As we agree that Rule 472(a) applies to the present appeal, we limit that portion of our analysis to that

issue. Additionally, defendant contends that the trial court erred in denying his motion to correct the sentencing order, arguing that the evidence shows that the parties and the trial court agreed to a sentencing range and factual basis consistent with 720 ILCS 5/33A-2(a). We begin with our jurisdictional analysis.

¶ 14    A trial court's jurisdiction generally lapses 30 days after the entry of a final judgment unless a postjudgment motion is filed within that time. *People v. Adams*, 2024 IL App (1st) 221474, ¶ 19. However, Rule 472, which was originally adopted on February 26, 2019, and took effect on March 1, 2019, provides:

> "(a) In criminal cases, the circuit court retains jurisdiction to correct the following sentencing errors at any time following judgment and after notice to the parties, including during the pendency of an appeal, on the court's own motion, or on motion of any party:
>
> * * *
>
> (4) Clerical errors in the written sentencing order or other part of the record resulting in a discrepancy between the record and the actual judgment of the court.
>
> * * *
>
> (e) In all criminal cases pending on appeal as of March 1, 2019, or appeals filed thereafter in which a party has attempted to raise sentencing errors covered by this rule for the first time on appeal, the reviewing court shall remand to the circuit court to allow the party to file a motion pursuant to this rule." Ill. S. Ct. R. 472(a)(4), (e) (eff. Mar. 1, 2019).

A judgment under Rule 472 entered more than 30 days after the final judgment in a criminal case is subject to appeal in accordance with Rule 303. Ill. S. Ct. R. 472(b) (eff. Feb. 1, 2024).

¶ 15    Here, both the trial court's and our jurisdiction depend on whether Rule 472 applies to a sentencing order entered long before the rule took effect, in a case where the trial court's

jurisdiction had long since lapsed. In other words, we must determine the rule's "temporal reach." To do so, we employ an analytical framework derived from *Landgraf v. USI Film Products*, 511 U.S. 244 (1994). As the Supreme Court has explained:

"Under that analysis, we first look to the rule itself to ascertain whether its temporal reach has been specifically articulated. [Citation.] If the rule contains such an express intent, it must be given effect unless doing so would violate the constitution. [Citation.] If the rule is silent as to its temporal reach, the court must determine whether the rule has a retroactive impact such that it 'would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed.' (Internal quotation marks omitted.) [Citation.] If the rule does not have a retroactive impact, it may be applied retroactively; if the rule has a retroactive impact, it is presumed to apply prospectively. [Citation.]

However, based on section 4 of the Statute on Statutes [citation], Illinois courts need not advance beyond the first step of the *Landgraf* analysis. [Citation.] Section 4 of the Statute on Statutes states:

'No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued, or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding. If any penalty,

forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect. This section shall extend to all repeals, either by express words or by implication, whether the repeal is in the act making any new provision upon the same subject or in any other act.' " *People v. Easton*, 2018 IL 122187, ¶¶ 15-16 (quoting 5 ILCS 7/40 (West 2016)).

The court also explained the effect of section 4 of the Statute on Statutes:

"Section 4 ' "is a general savings clause, which this court has interpreted as meaning that procedural changes *** will be applied retroactively, while substantive changes are prospective only." ' [Citation.] If the temporal reach is not clearly indicated within the text of the new provision, then the default directive set forth in section 4 of the Statute on Statutes applies. [Citation.] Therefore, an amendment that is purely procedural will apply retroactively unless a constitutional impediment precludes its application." *Id.* ¶ 17.

¶ 16     Defendant contends that "Rule 472(a) does not expressly indicate its temporal reach" and because Rule 472 is "clearly a 'procedural rule,' " it applies here. In *People v. Eason*, 2020 IL App (3d) 180296, the appellate court stated that

"The intent behind Rule 472 is readily apparent. Issues relating to fines and fees have frequently gone unaddressed in the lower courts, a result of the fact that such assessments are often only imposed after sentencing. As a result, appellate courts faced a growing tide of appeals raising only those monetary issues. Rule 472 attempts to quell that tide by providing the circuit court with jurisdiction, at any time after sentencing, to address those issues of the first time." *Eason*, 2020 IL App (3d) 180296, ¶ 11.

In explaining that Rule 472 is procedural, the *Eason* court quoted then-Chief Justice Lloyd Karmeier's policy considerations underlying the Rule:

> "To deal with those situations, the new rules create a clear and unambiguous mechanism for fixing the specified types of sentencing errors discovered after judgment has been entered, eliminating uncertainty regarding what needs to be done, where, when and how. The rules make clear that motions to correct the enumerated errors may be made at any time after judgment, including while the case is on appeal, *but such motions must always be directed to the circuit court in the first instance*. If they are not—if the circuit court is not given first crack at fixing the error—the error cannot be grounds for an appeal."
>
> *Eason*, 2020 IL App (3d) 180296, ¶ 12 (quoting Karmeier, *Overcoming the Chronic Challenge of Correcting Sentencing Errors: Help is on the Way*, (Feb. 25, 2019) http://illinoiscourts.gov/Media/enews/2019/022519_chief_article.asp).

As Rule 472 is procedural because it describes the procedure for fixing sentencing errors, we find that it applies retroactively. Therefore, the trial court had jurisdiction over defendant's motion to correct the sentencing order pursuant to Rule 472. Further, as the trial court's judgment on the motion was entered more than 30 days after the final judgment, it constitutes a final judgment on a justiciable matter and is subject to appeal in accordance with Rule 303. See IL. S. Ct. R. 472(c) (eff. Feb. 1, 2024).

¶ 17    We now turn to defendant's contention that the trial court erred in denying his motion to correct the sentencing order. He argues that the State nominally charged him with violation of 720 ILCS 5-33A-2(c) in Count II of the indictment, but the description within the indictment, along with the transcripts of his guilty plea, make it evident that the intent of the parties and the trial court was to enter a plea of violating 720 ILCS 5/33A-2(a).

¶ 18    720 ILCS 5/33A-2(a) states as follows:

"A person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois Law, except first degree murder, attempted first degree murder, intentional homicide of an unborn child, second degree murder, involuntary manslaughter, reckless homicide, predatory criminal sexual assault of a child, aggravated battery of a child as described in Section 12-4.3 or subdivision (b)(1) of Section 12-3.05, home invasion, or any offense that makes the possession or use of a dangerous weapon either an element of the base offense, an aggravated or enhanced version of the offense, or a mandatory sentencing factor that increases the sentencing range." 720 ILCS 5/33A-2(a) (West 2024).

720 ILCS 5/33A-2(c) states as follows:

"A person commits armed violence when he or she personally discharges a firearm that is a Category I or Category II weapon that proximately causes great bodily harm, permanent disability, or permanent disfigurement or death to another person while committing any felony defined by Illinois law, except first degree murder, attempted first degree murder, intentional homicide of an unborn child, second degree murder, involuntary manslaughter, reckless homicide, predatory criminal sexual assault of a child, aggravated battery of a child as described in Section 12-4.3 or subdivision (b)(1) of Section 12-3.05, home invasion, or any offense that makes the possession or use of a dangerous weapon either an element of the base offense, an aggravated or enhanced version of the offense, or a mandatory sentencing factor that increases the sentencing range." 720 ILCS 5/33A-2(c) (West 2024).

¶ 19    "Violation of Section 33A-2(a) with a Category I weapon is a Class X felony for which the defendant shall be sentenced to a minimum term of imprisonment of 15 years." 720 ILCS 5/33A-3(a) (West 2024). Therefore, the sentencing range for that crime is 15 to 30 years. See 730 ILCS 5/5-4.5-25 (West 2024).

¶ 20    "Violation of Section 33A-2(c) with a firearm that is a Category I or Category II weapon is a Class X felony for which the defendant shall be sentenced to a term of imprisonment of not less than 25 years nor more than 40 years." 720 ILCS 5/33A-3(b-10) (West 2024).

¶ 21    The transcript from defendant's guilty plea shows that the trial court admonished him as to the sentencing range applicable to 720 ILCS 5/33A-2(a). See *supra* ¶ 7. Further, the trial court placed her initials on Count II of the indictment next to handwritten notes of "X-15-30," "P/G," "8-21-12," and "25 yrs DOC @ 85%." "The court shall not accept a plea of guilty or a stipulation that the evidence is sufficient to convict without first, by addressing the defendant personally in open court, informing him or her of and determining that he or she understands *** the minimum and maximum sentence prescribed by law[.]" IL. S. Ct. R. 402(a)(2) (eff. July 1, 2012). As the indictment does not allege that defendant personally discharged a firearm, the trial court's admonishments and notes make clear that defendant's plea was meant to reflect a violation of 720 ILCS 5/33A-2(a).

¶ 22    The trial court's denial of defendant's motion to correct the sentencing order pursuant to Rule 472 was error. In so holding, this court has authority under Rule 615(b) to reverse the trial court's judgment and modify defendant's sentencing order to reflect his plea of guilty in violation of 720 ILCS 5/33A-2(a). See IL. S. Ct. R. 615(b) (eff. Jan. 1, 1967); see also *People v. Webster*, 2023 IL 128428, ¶ 32 (Rule 615(b) provides a reviewing court authority to modify a sentence following a finding of error or abuse of discretion.) We hereby exercise that authority.

¶ 23                                    III. CONCLUSION

¶ 24    For the reasons stated, we reverse the judgment of the circuit court of Lake County and remand the matter to the circuit court for entry of amendment to defendant's sentencing order in a manner consistent with this disposition.

¶ 25    Reversed and remanded.