**People of the State of Illinois, Plaintiff-Appellee, v. Willie Stewart, Defendant-Appellant.**

Gen. No. 52,014.

First District, Third Division.

June 5, 1969.

Rehearing denied June 27, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Professor James R. Thompson, Northwestern University School of Law, James J. Doherty and Marshall J. Hartman, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James R. Kavanaugh, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

After a trial by jury, the defendant, Willie Stewart, was found guilty of the crimes of robbery and aggravated battery. He was sentenced for the crime of robbery to a term of seven to twenty years and for the crime of aggravated battery to a term of seven to ten years, the sentences to run concurrently.

The defendant contends: 1) the victim's initial identification of the defendant was a violation of due process and was therefore erroneously admitted at trial; 2) the victim's second identification of the defendant at the preliminary hearing was tainted by the initial identification and was also inadmissible; 3) it was error for the trial court to exclude the defendant's tendered one-man showup instruction; 4) the State's instruction relative to the identification of the accused was erroneous; and 5) the defendant was not proven guilty beyond a reasonable doubt since the identification of him was vague and uncertain.

On December 11, 1965 the victim, Helen James, was returning from work at about 12:45 a. m. She heard a noise behind her and, when she turned, she saw a man rushing toward her. The assailant struck her and grabbed her around the neck. During the struggle the victim bit the assailant's right hand. On direct examination, the victim stated: "I got a good look at him when he first

attacked me and when he bent over me while I was on the ground." The entire attack took place under a streetlight. After snatching her purse, the assailant fled and Mrs. James' screams attracted her neighbors who came to her aid and took her to the hospital. None of the neighbors saw the assailant.

On January 28, 1966 the defendant, Willie Stewart, was arrested on another matter, and the arresting officer, Theodore Marshall, noted that the defendant fit the description of the attacker given to the police by Mrs. James. Officer Marshall noted that the defendant had an oval scar on his right hand which looked as if it could have been caused by a bite. The defendant told him that he received the scar from moving furniture. The police called Mrs. James and asked her to come to the police station as they had someone for her to view. Mrs. James was taken to a small courtroom in the same building where the defendant was seated with about fifteen other men. When Officer Marshall arrived, the victim was already seated in the back of the courtroom and he asked her if she saw the man who had robbed her. She replied that she did and pointed out the defendant. Mrs. James also testified that while in the courtroom, prior to the officer's arrival, she told her husband that she saw her assailant. She further testified that there was no doubt in her mind that this was the man who had attacked and robbed her.

The defendant took the witness stand in his own behalf and denied any participation in the attack. He stated that he was in the Palace Hotel on the evening in question. He further testified that when he came out of the courtroom a police officer called him and asked Mrs. James "What about this, have you seen him before?" She replied "Yes, I saw him before," whereupon he was arrested.

■ It is the defendant's position that the circumstances surrounding his initial identification were such

437

that he was denied due process of law under the standards set forth in Stovall v. Denno, 388 US 293. The Supreme Court, in Stovall held that if a confrontation is "so unnecessarily suggestive and conducive to irreparable mistaken identification" it could be termed a violation of due process and grounds for reversal. In this regard, the defendant stresses his testimony that the police officer inquired of the victim outside the courtroom "Have you seen him before?" Such a question, the defendant argues, was highly suggestive as it singled out the defendant as the man to choose. Such an argument first ignores the fact that Officer Marshall denied arresting the defendant outside the courtroom door in the presence of the victim nor did he tell the victim that he had arrested the defendant. Apart from the defendant's testimony, there is nothing in the record to indicate that such a conversation outside the courtroom took place. The defendant also ignores the fact that there is direct and uncontroverted testimony by Helen James and Officer Marshall that the victim pointed out the defendant from among fifteen prisoners while in the courtroom and without any suggestions made by the police. The court in People v. McMath, 104 Ill App2d 302, 244 NE2d 330, in its discussion of the due process standards announced in Stovall v. Denno, supra, said:

> "If such great unfairness is not demonstrated by the evidence, then the fact that the pretrial confrontation was not made in a lineup becomes a question of the weight to be given it by the jury, and does not serve to raise any question as to the admissibility of the in-court identification."

Under the totality of the circumstances in the instant case, we are of the opinion that Helen James' identification of the defendant in the courtroom was not violative of the defendant's due process guarantees.

■ Since we find that the initial identification was not a violation of due process, it follows that reidentification by Mrs. James at the preliminary hearing was also proper and admissible.

■ The defendant also contends that it was error for the court to refuse his tendered instruction relative to a "one-man showup." The tendered instruction which was refused reads as follows:

> "The Court instructs the jury that where one under arrest is brought alone before a person who is present for the purpose of identifying a suspect and who knew that the person arrested is to be brought before her for identification it is not unlikely that such surrounding circumstances might influence further one who seeks to identify such suspect. The Court further instructs the jury that such identification cannot be given the same weight and credibility as where the witness had picked out the suspect from a number of persons unknown to her."

The court gave the State's instruction which reads in pertinent part:

> "The Court instructs the jury that in determining whether or not the defendant has been identified as the person who committed the offense charged against him, if any such offense was committed, you must consider all the testimony in the case, . . . , considering the means of identification; the circumstances under which he was identified; the opportunity for identifying the said defendant; the influence brought to bear on any person claiming to identify the defendant, if any such influence existed; . . . ."

The State's instruction adequately instructed the triers of fact on the questions of the credibility and weight

439

to be accorded the evidence relative to the defendant's identification. The defendant's instruction was properly refused because it would serve to specifically single out one facet of the evidence in the case to the exclusion of other evidence surrounding the identification of the defendant. (See: People v. Laczny, 63 Ill App2d 324, 211 NE2d 438.) In addition, the tendered instruction, under the facts adduced at trial, is highly questionable since it refers to a one-man showup whereas the defendant was identified from a group of about fifteen men. It is also worthy of note that the Illinois Pattern Instructions, Criminal, § 3.15 "Circumstances of Identification" contains only the following comment:

> "The Committee recommends that no instruction be given on this subject. It is adequately covered by the general instruction on credibility of witnesses, No. 1.02, supra. However, the circumstances of an identification are a proper subject of closing argument."

A reading of the defense's closing argument discloses that defense counsel did in fact direct the jury's attention to the circumstances surrounding the identification of Willie Stewart by Helen James. We therefore find no merit to this contention advanced by the defendant.

The following State's instruction which was given is also assigned as error:

> "The Court instructs the jury, that the testimony of a witness as to identification of the accused, if positive, and if the witness is credible, is sufficient to convict, even though contradicted by the accused."

This instruction, when read together with the other instructions submitted to the jury, was proper and the court did not err in giving this instruction over the defendant's objection.

The defendant's final point is that he was not proven guilty beyond a reasonable doubt because his iden-

tification was vague and uncertain. We cannot agree. The victim's identification of the defendant was uncontradicted and unimpeached. Even though the victim stated that she saw the defendant's face during the attack for a matter of only several seconds, there was no doubt in her mind that Willie Stewart was her assailant. She testified that the attack which lasted three to four minutes occurred under a streetlight and that she "got a good look" at the defendant. The scar on the defendant's right hand further corroborates her identification. The defendant offered no evidence to corroborate his testimony that he was at a hotel on the night of the attack. On direct examination, the defendant denied having any marks on his right hand at the time of his arrest, but, on cross-examination, he admitted to having a "scratch" on his hand when arrested. The jury in the instant case accepted the testimony of the complaining witness while rejecting the testimony of the defendant, and upon a review of the record, we cannot say that the evidence did not prove beyond a reasonable doubt the defendant's guilt.

For the foregoing reasons, the judgment is affirmed.

Affirmed.

SCHWARTZ and DEMPSEY, JJ., concur.