(No. 42445.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* WILLIE STEWART, Appellant.

*Opinion filed September 22, 1970.*

WARD, J., took no part.

GERALD W. GETTY, Public Defender, of Chicago, (GEORGE L. LINCOLN and JAMES J. DOHERTY, Assistant Public Defenders, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and JOSEPH ROMANO, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

On December 11, 1965, Mrs. Helen James was beaten and robbed as she was walking toward her home at 12:45 A.M. Willie Stewart was arrested for an unrelated matter on January 28, 1966, and while he was in custody, Mrs. James identified him as her assailant. Defendant was tried before a jury in the circuit court of Cook County; and upon conviction was sentenced to concurrent terms of 7 to 10 years for aggravated battery, and 7 to 20 years for robbery. On appeal to the appellate court, defendant argued that the victim's initial identification of defendant was tainted and therefore her identification testmony was erroneously admitted in evidence, that guilt had not been proved beyond a reasonable doubt, and that the State's jury instruction on identification of an accused was erroneously given. The appellate court affirmed the conviction (110 Ill. App. 2d 435), and denied rehearing. We granted defendant's petition for leave to appeal, which raises only the jury instruction issue.

The challenged instruction, which defendant argues was tantamount to direction of a guilty verdict, was as follows: "The court instructs the jury, that the testimony of a witness as to identification of the accused, if positive, and if the witness is credible, is sufficient to convict, even though contradicted by the accused." It is argued that this instruction

directed a guilty verdict upon the jury finding that Mrs. James was credible, that it weighted her identification testimony more heavily than defendant's alibi testimony, and that the court usurped the jury's province by instructing them in effect that such evidence proves guilt beyond a reasonable doubt as a matter of law. It is also pointed out that the instruction is an incorrect statement of law, since positive identification by credible witnesses has in some instances been found insufficient, on appeal, to sustain a conviction. (Citing *People* v. *Reese,* 34 Ill.2d 77, and *People* v. *Gooden,* 403 Ill. 455; see also *People* v. *Fort,* 14 Ill.2d 491.) The State contends that the instruction is proper, and necessary to disabuse laymen of the false impression that a verdict of guilty cannot be proper in a case where the evidence consists only of "one man's word against another's." Alternatively, the State maintains that other instructions, on the burden of proof beyond a reasonable doubt, and on appraising the credibility of witnesses, "cured" any error in the identification instruction.

The appellate court accepted the State's argument, holding that: "This instruction, when read together with the other instructions submitted to the jury, was proper and the court did not err in giving this instruction over the defendant's objection." (110 Ill. App. 2d at 440.) Although we affirm the judgment of conviction in this case, we believe affirmance ought not to rest upon approval of this instruction.

The instruction states a rule of law which has long governed our decisions where it has been claimed that identification by a single witness failed to prove guilt beyond a reasonable doubt. (See, *e.g., People* v. *Tribbett,* 41 Ill.2d 267, 271.) However, the inquiry on appeal is whether conviction can be justified by the record; reviewing courts defer to the jury's determination of credibility and the weight of the evidence. At trial, the jury must make those determina-

tions in light of the presumption of innocence; it cannot convict simply upon finding that the evidence is "sufficient" to do so, but must be convinced beyond a reasonable doubt.

The instruction thus substitutes the reviewing court's sufficiency test for the jury's reasonable doubt test, and it ought not to be given. We have heretofore warned against transposing appellate law into jury instructions without careful scrutiny, for "The fact that certain language is appropriate in the context of an opinion does not necessarily justify its use in an instruction without further explanation." (*People* v. *Harper*, 36 Ill.2d 398, 404.) We note, also, the IPI Committee's recommendation that no instruction whatever be given on the specific subject of identification. (IPI—Criminal, 3.15.) While other instructions were given which correctly state the prosecution's burden of proof beyond a reasonable doubt, and the factors to be considered in appraising the credibility of witnesses, we prefer to base our affirmance of this judgment upon grounds other than a "cure" of the defective instruction.

We find on the facts of this case that the instruction did not constitute error so prejudicial as to require reversal, for we are convinced upon careful review of the record that there was no basis upon which reasonable doubt might have been founded. (See, *e.g., People* v. *Ward*, 32 Ill.2d 253, 256; *People* v. *Naujokas*, 25 Ill.2d 32, 36; *People* v. *Davis*, 10 Ill.2d 430, 443.) The victim of the attack, Mrs. James, testified that she was returning from her temporary Christmas-time employment at the post office, walking down the center of the apparently deserted street a short distance from her home, when she heard a noise. She turned her head toward the noise, and saw the defendant running at her. He grabbed her from behind, and threw his right arm around her neck. In the ensuing struggle, she bit down on his right hand quite forcefully: "I had his hand in my mouth and I was holding on for dear life * * *." When

he managed to free his hand, he threw her down and kicked her in the face, knocking out three teeth and impairing her vision in one eye; he then bent over her and demanded her money. She told him her purse was in the brown paper bag which she had been carrying; he then grabbed her purse and fled. The events took only a few minutes, and she only observed her attacker for a few seconds of that time; but there was a streetlight overhead and she "got a good look at him when he first attacked me and when he bent over me while I was on the ground." She recalled describing her assailant to the police as being a Negro male, between 35 and 40 years of age, about six feet tall, with a long face and high cheek bones, and wearing a dark brown or black full length coat. While she also said she had told the officers that under the streetlight he appeared to have a light complexion, upon viewing defendant in the courtroom, she agreed that his skin was dark. The arresting officer testified that he arranged for Mrs. James to view defendant because he fit the description she had given them, and his right hand bore a nearly healed 1 to 2 inch oval scar, resembling a bite wound. Mrs. James testified that she identified defendant without hesitation from a group of about 15 men in the police station courtroom. She stated that there was no doubt in her mind that defendant was the man who accosted her. The defense consisted solely of defendant's uncorroborated alibi testimony; he stated that he had spent the entire night at the Palace Hotel, from 8:00 P.M. to 5:30 A.M. when he went to work. He denied on direct examination that he had any marks, injuries or bruises at all on his right hand at the time of his arrest, but on cross-examination, when asked whether he had told the arresting officer that the marks on his hand were from moving furniture, he said, "It wasn't a mark, it was a scratch." Defendant's evasive and uncorroborated testimony was wholly insufficient to dispel Mrs. James' positive and corroborated identification, and for that reason we

conclude that the erroneously given instruction could not have affected the jury's decision.

The judgment of the appellate court is accordingly affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.