court's attention to this matter at the close of the evidence, nor did it move for a mistrial.

In *Nuccio* (*supra*, at page 396) the court also bases its decision to reverse and remand on the fact that the guilt of defendant was "not manifest" but was dependent upon the degree of credibility accorded the defense witnesses by the trier of fact. In the instant case, however, the guilt of defendants was "manifest" and no question has been raised in this court as to the sufficiency of proof. The defendants were positively identified and implicated as the robbers both by the victim and by Rose Mary Jones, a co-indictee, who testified for the State.

The judgments are affirmed.

Judgments affirmed.

ENGLISH, P. J., and LORENZ, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HARRIS GIBSON (Impleaded), Defendant-Appellant.

(No. 54039;

First District—March 1, 1971.

Opinion by Mr. JUSTICE GOLDBERG.

Stuart N. Litwin and Gary E. Dienstag, both of Glenview, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and James Kavanaugh, Assistant State's Attorneys, of counsel,) for the People.