THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RAYMOND PAUL PARKS, Defendant-Appellant.

(No. 55438;

First District—June 14, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Judith C. Smith, Ronald P. Katz, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Martin Moltz, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

Defendant was indicted for burglary. After a jury trial, he was found guilty and sentenced to serve two to three years in the penitentiary. On direct appeal to the Supreme Court of Illinois, the case was transferred here. Defendant contends: 1) he was wrongfully indicted for burglary instead of looting; 2) an improper instruction was given and a necessary instruction omitted; 3) the evidence failed to prove guilt beyond a reasonable doubt; and 4) the jury was prejudiced by improper argument by the prosecutor. After stating the facts, we will consider these contentions in order.

On April 5, 1968, there were riotous conditions in portions of the City of Chicago. One of these troubled areas was on North Cicero Avenue. About 9:00 P.M., two police officers drove by a local clothing store and the premises were "intact." About 9:30 P.M. they saw two men in the store with one of them apparently riffling a filing cabinet. The other man, the defendant, was pulling clothes from a rack and throwing them to the floor.

The officers observed that the front and rear windows of the store had been broken. When they entered, one man ran up to a loft but he was taken into custody. The defendant attempted to hide in a large garment bag but was found and arrested. The filing cabinet in the store had been ransacked and papers were strewn about the premises. Clothing from the racks had been placed upon the floor. Some women's and children's dresses were tied into a bundle. No contradictory or other evidence was offered by the defense.

■■  We will consider first the question raised upon the pertinent statute. The statutes define burglary (Ill. Rev. Stat. 1969, ch. 38, par. 19—1), and

also define the separate offense of looting. (Ill. Rev. Stat. 1969, ch. 38, pars. 42—1, 42—2.) The offense of looting is defined as entering upon premises, "in which normal security of property is not present by virtue of a * * * riot, mob or other human agency" and the offense is completed where the defendant obtains or asserts control over property of the owner. Defendant contends that the looting statute, as a special act designed to deal with a specific situation, should here supersede the general burglary statute. We concede the existence of the principle of statutory construction by which a special law or a particular enactment is deemed operative as against general laws upon the same subject. (*Estate of Schwendeman v. State Savings and Loan Association*, 112 Ill.App.2d 273, 276; *Mills v. County of Winnebago*, 104 Ill.App.2d 366, 372; *People v. Canada*, 81 Ill.App.2d 220, 231 and *People v. Hale*, 55 Ill.App.2d 260, 263.) In *Hale*, defendant objected to the fact that he was punished under the specific statute governing escapes from the Illinois State Farm. He contended that the general enactment concerning escapes was applicable. The court rejected this contention.

The principle advanced by defendant is not applicable here. In *People v. Mitchell*, 268 N.E.2d 232, this court considered and rejected the identical contention. The court cited another recent opinion of this court which specifically set forth that the legislature could not have intended "to frustrate and impede prosecutions for burglaries perpetrated during periods of civil disturbance and treat burglars differently simply because lack of security made their job easier." (*People v. Long*, 126 Ill.App.2d 103, 108.) In both of these recent opinions, the court also cited *People v. Rhodes*, 38 Ill.2d 389 in which the Supreme Court pointed out that it is the responsibility of the State's Attorney of the county to consider the evidence in his possession and to determine the proper offense with which an accused should be charged. We note parenthetically the decision of the Supreme Court in *People v. Thompson*, 48 Ill.2d 41. The court affirmed a conviction for a burglary which took place on April 5, 1968, during a riot precisely as in the case at bar. Although the point was not raised, the statute on looting was not applied.

■■ This case does not present a distinction between a specific and a general enactment. We are dealing here with two parallel but different statutes in which separate substantive elements are involved. The responsibility and the choice of which statute to use rested primarily upon the State's Attorney. This record shows overwhelming evidence of all factual elements required for guilt of burglary. Based upon all the evidence, the choice is approved without hesitation. The looting statute is patently intended as an amelioration for persons caught up in an emotional situation who may succumb to temptation. It was never intended,

and will not be used by this court, as a device to make burglary a sinecure. In the case at bar, the coincidental presence of the riots in adjacent areas cannot militate against strong and unrefuted evidence of burglary.

Defendant next contends that the court erred in instructing the jury. Defendant raised timely objection to Peoples Instruction No. 7 in which the court instructed the jury (IPI-Criminal 3.04):

> Motive is that which prompts a person to act. The State is not required to prove a motive for the commission of the crime charged.

■■ There is no requirement that the State prove the motive which operated to impel the commission of the offense. (*People v. Hobbs*, 35 Ill.2d 263, 268-269; *People v. Gullickson*, 115 Ill.App.2d 157, 164 and *People v. Irvin*, 104 Ill.App.2d 316, 325.) The instruction as given was thus a proper statement of the law. Authorities cited by defendant such as *People v. Lawson*, 351 Ill. 457 are not applicable here. In *Lawson*, an instruction was given on the issue of flight from the scene when no such evidence was produced. We, therefore, hold that the giving of People's Instruction No. 7 was not prejudicial error.

■■ The next point on the instructions revolves about failure of the court to instruct the jury as to the meaning of the word "theft." It is conceded that the court properly gave People's Instruction No. 10 defining burglary (IPI-Criminal 14.05) and also People's Instruction No. 11 stating the issues in a burglary trial (IPI-Criminal 14.06). However, the point is made that the word "theft" is a term of art which should have been defined for the jury. This argument is based upon the decision by this court in *People v. Davis*, 74 Ill.App.2d 450. This court has had occasion to consider and reject this identical contention. (*People v. Gibson* (1971), 132 Ill.App.2d 557.) As pointed out in *Gibson*, the *Davis* opinion involved a trial for attempt robbery. The jury was instructed only as to the definition of attempt but there was no instruction which defined the specific crime of robbery. In our opinion, this factor completely differentiates *Davis* from the case at bar. Within the context of the evidence here, the word "theft" is a simple word of common usage. As defined in every dictionary, it means simply the unlawful taking of property. No instruction to this effect was necessary.

■■ In addition, another well established legal principle disposes adversely of this contention. The evidence presented by this record is uncontradicted and overwhelming. Both of the alleged errors on instructions suggested by defendant could not possibly have affected the verdict of the jury. (*People v. Stewart*, 46 Ill.2d 125.) The record in the case at bar shows "no basis upon which reasonable doubt might have been founded." 46 Ill.2d at page 128. See also *People v. Truelock*, 35 Ill.2d 189, 192 and *People v. Cazaux*, 119 Ill.App.2d 11, 17, 18.

■■ Defendant next argues that he was not proved guilty of burglary beyond a reasonable doubt. This contention is centered upon the alleged failure of the State to prove that defendant entered upon the premises in question with intent to commit theft. We have above summarized the evidence of the two police officers and have pointed out that it stands unimpeached and uncontradicted. Defendant was apprehended by the officers in the process of asserting control over merchandise not his own in premises which he had no legal right or authority to enter. When the officers appeared, defendant attempted to conceal himself and was then taken into custody. All of this evidence stands without attempted explanation. These facts justify and actually require application of the strong inference "grounded in human experience, which justifies the assumption that the unlawful entry was not purposeless, and, in the absence of other proof, indicates theft as the most likely purpose." (*People v. Johnson*, 28 Ill.2d 441, 443.) This principle has recently been approved and relied upon by our Supreme Court. (*People v. Thompson*, 48 Ill.2d 41, 47.) Measured by this standard, it is apparent that the cases cited by defendant involve factually disparate situations and are not applicable here. (*People v. Soznowski*, 22 Ill.2d 540 and *People v. McCombs*, 94 Ill.App.2d 308.) The verdict of the jury was eminently correct.

The final contention of defendant is directed to closing argument by the prosecutor. In argument to the jury, the State's Attorney said, "Officer Palazzotto will be lucky if he lives another New Years, not on the basis of this case but twelve long years of work, not on this case * * *. But if he does not, watch out, he is going to walk into a store where there is a burglary alarm ringing and * * *."

■■ A number of established legal principles deprive this contention of potency. To begin with, this argument was interrupted by defense counsel with an objection. The court promptly sustained the objection and directed that the argument be stricken. This cured the error, if any. *People v. Hampton*, 44 Ill.2d 41, 46; *People v. Cunningham*, 123 Ill.App. 2d 190, 205 and *People v. Fortson*, 110 Ill.App.2d 206, 216.

■■ Next, a strong and well established line of authorities in this jurisdiction holds that, "It is entirely proper for the prosecutor to dwell upon the evils of crime and to urge the fearless administration of the law." (*People v. Hairston*, 46 Ill.2d 348, 375 and additional cases there cited.) Under this doctrine, the argument in question could well be classified as a fair statement of the evils of crime and the manifold dangers which it causes to those charged with the duty of attempting to enforce it.

■■ In addition, it is well established that even improper remarks and argument by the State's Attorney do not constitute reversible error unless they result in substantial prejudice to the defendant. (*People v. Acker*,

127 Ill.App.2d 283, 295, 296; *People v. Trice,* 127 Ill.App.2d 310, 319; *People v. Phillips,* 126 Ill.App.2d 179, 184.) This doctrine is particularly applicable to the record here in view of the overwhelming and conclusive evidence of guilt as above pointed out.

We, therefore, conclude that the defendant received a fair trial and that the judgment of conviction should be and it is affirmed.

Judgment affirmed.

BURKE, P. J., and LYONS, J., concur.