**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 190761-U

Order filed July 11, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal Nos. 3-19-0761 & 3-20-0136 Circuit Nos. 18-CF-259 & 18-CF-379 |
| OMAR R. BROOKS and TARON R. BELL, III, | ) ) ) | Honorable |
| Defendants-Appellants. | ) ) ) | Paul P. Gilfillan, Judge, Presiding. |

JUSTICE HAUPTMAN delivered the judgment of the court.
Presiding Justice O'Brien and Justice Daugherity concurred in the judgment.

**ORDER**

¶ 1     *Held*: Defendants' convictions and sentences are affirmed where the aggravated unlawful use of a weapon statute does not violate the proportionate penalties clause of the Illinois Constitution.

¶ 2     Defendants, Omar R. Brooks and Taron R. Bell III, were separately charged with aggravated unlawful use of a weapon, a class 4 felony. Defendants' cases were consolidated in the circuit court for the purpose of challenging the constitutionality of the statute under which they were charged. The circuit court denied defendants' motions to declare the statute

unconstitutional, and both defendants proceeded to stipulated bench trials. Defendants were convicted and sentenced to terms of probation. In this consolidated appeal, defendants assert that the aggravated unlawful use of a weapon statute violates the proportionate penalties clause of the Illinois Constitution.

¶ 3                                                    I. BACKGROUND

¶ 4        On May 22, 2018, the State charged Omar Brooks by superseding indictment with aggravated unlawful use of a weapon (AUUW) (720 ILCS 5/24-1.6(a)(1) (West 2018)), a class 4 felony, and possession of a firearm without a valid Firearm Owner's Identification (FOID) Card (430 ILCS 65/2(a)(1) (West 2018)), a class A misdemeanor. Regarding the AUUW charge, the indictment alleged that on or about May 9, 2018, defendant "knowingly carried on his person immediately accessible to him, a loaded, uncased handgun at a time when he was on the land of another at 2403 W. Sheridan in Peoria, Illinois not as an invitee and not with the permission of the landowner and he did not have a currently valid FOID card or currently valid license under the Firearm Concealed Carry Act at the time of the offense."

¶ 5        Similarly, on July 10, 2018, the State charged Taron Bell by superseding indictment with AUUW (720 ILCS 5/24-1.6(a)(1) (West 2018)), a class 4 felony, and possession of a firearm without a valid FOID card (430 ILCS 65/2(a)(1) (West 2018)), a class A misdemeanor. Regarding the AUUW charge, the indictment alleged that on or about June 25, 2018, defendant "knowingly carried an uncased, loaded handgun on his person that was immediately accessible to him at a time when he was on a public street being Folkers within the corporate city limits of Peoria, Illinois and he had not been issued a currently valid FOID card or firearm concealed carry license."

¶ 6        Separate assistant public defenders were appointed to represent defendants. On November 1, 2018, both defendants filed a motion to declare the AUUW statute unconstitutional. Defendants alleged that they were unlawfully deprived of their right to carry a firearm openly for self-defense outside of the home under both the Illinois and United States constitutions.[1] For this reason, defendants requested that the court quash their arrests and suppress evidence obtained from the purported illegal arrests. On February 19, 2019, defendants filed amended motions to declare the AUUW statute unconstitutional. The amended motions added an argument that the costs associated with procuring a concealed carry license under the Firearm Concealed Carry Act (430 ILCS 66/1 *et seq*. (West 2018)) unlawfully hindered the defendants' rights to carry a firearm openly in self-defense.

¶ 7        Defendants' motions to declare the statute unconstitutional were heard and denied following a hearing on September 12, 2019. Defendants' cases proceeded to separate, stipulated, bench trials.[2] Following the stipulated evidence, the court found each defendant guilty of AUUW. Defendants filed motions for a new trial, arguing the court erred when it denied their motions to declare the AUUW statute unconstitutional. Defendants' motions were denied, and defendants were sentenced to terms of probation. Defendants appeal.

¶ 8                                    II. ANALYSIS

¶ 9        In this consolidated appeal, defendants persist in their argument that the AUUW statute is unconstitutional, albeit on different grounds than those raised in the circuit court. In this court, defendants posit that the penalty for AUUW violates the proportionate penalties clause of the Illinois Constitution. Ill. Const. 1970, art. I, § 11. Defendants argue that a felony AUUW

---

[1]Counsel for defendants filed separate, but substantially identical, motions on behalf of defendants. Defendants' cases were consolidated for purposes of arguing the motions.
[2]The possession of a firearm without a valid FOID card charges were dismissed in both cases.

conviction results in a harsher penalty for conduct identical to that proscribed by the misdemeanor unlawful use of weapons (UUW) statute. 720 ILCS 5/24-1 (West 2018). The State argues the AUUW statute does not violate the proportionate penalties clause because it requires that the State prove additional aggravating elements not found in the UUW statute. In other words, the harsher sentence ascribed to an AUUW conviction is warranted because the offense is more serious in nature.

¶ 10     Initially, we reiterate that while defendants raised a challenge to the constitutionality of the AUUW statute in the lower court, their argument at that time differed significantly from the argument set forth in this court. However, challenges to the constitutionality of a statute may be raised at any time, so we find defendants' claim is properly before this court. *People v. McCarty*, 223 Ill. 2d 109, 123 (2006).

¶ 11     Turning to our analysis, we begin with the presumption that the AUUW statute is constitutional and that the party challenging the constitutionality of a statute carries the burden of proving the statute is unconstitutional. *People v. Aguilar*, 2013 IL 112116, ¶ 15. If reasonable, this court is tasked with construing the statute in a manner that upholds the statute's validity and constitutionality. *Id.* We review only those sections and/or subsections of the AUUW statute that apply to these defendants. *People v. McGee*, 341 Ill. App. 3d 1029, 1032 (2003); see *People v. Mosley*, 2015 IL 115872, ¶ 10. Issues involving the constitutionality of a statute are reviewed *de novo*. *People v. Sharpe*, 216 Ill. 2d 481, 486-87 (2005).

¶ 12     The proportionate penalties clause of the Illinois Constitution provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. Criminal sentences may be found unconstitutionally disproportionate where: (1) the punishment is cruel,

degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community; (2) similar offenses are compared and the conduct that results in a less serious threat to the public health and safety is punished more severely; and (3) identical offenses are given different sentences *People v. Miller*, 202 Ill. 2d 328, 338 (2002). Defendants here contend the AUUW statute violates the proportionate penalties clause under the third scenario. "[U]nlike other constitutional violations which are based on the manner in which a single statute operates, an identical elements proportionality violation arises out of the relationship between two statutes — the challenged statute, and the comparison statute with which the challenged statute is out of proportion." *People v. Blair*, 2013 IL 114122, ¶ 32. If the two compared statutes exhibit identical elements, but result in different penalties, then one of these penalties has not been set in accordance with the seriousness of the offense and is unconstitutionally disproportionate. *People v. Ligon*, 2016 IL 118023, ¶ 20; see *People v. Clemons*, 2012 IL 107821, ¶ 30.

¶ 13        Defendants here were charged and convicted of knowingly possessing, on their persons, and immediately accessible, a loaded, uncased handgun, at a time when defendants were on the land of another and/or were on a public street, were not invitees, and did not currently have valid FOID cards or licenses under the Firearm Concealed Carry Act. Accordingly, the parties agree that defendants were properly convicted under sections 24-1.6 (a)(1), (a)(3)(A-5), and (a)(3)(C) of the AUUW statute. 720 ILCS 5/24-1.6(a)(1), (a)(3)(A-5), (a)(3)(C) (West 2018).

¶ 14        Defendant thus asserts that for purposes of an identical elements test, this court is tasked with comparing sections 24-1.6(a)(1), (a)(3)(A-5) of the AUUW statute with sections 24-1(a)(4)(i), (ii), and (iv) of the UUW statute, as well as sections 24-1.6(a)(1), (a)(3)(C) of the AUUW statute with section 24-1(a)(4)(iii) of the UUW statute. 720 ILCS 5/24-1(a)(4) (i), (ii), (iii), (iv) (West 2018). Accordingly, we limit our analysis to these sections and subsections.

5

¶ 15    The relevant portions of section 24-1.6 of the AUUW statute provide that:

"(a) A person commits the offense of aggravated unlawful use of a weapon when he or she knowingly:

(1) Carries on or about his or her person or in any vehicle or concealed on or about his or her person except when on his or her land or in his or her abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm; ***

***

and

(3) One of the following factors is present:

***

(A-5) the pistol, revolver, or handgun possessed was uncased, loaded, and immediately accessible at the time of the offense and the person possessing the pistol, revolver, or handgun has not been issued a currently valid license under the Firearm Concealed Carry Act; or

* * *

(C) the person possessing the firearm has not been issued a currently valid Firearm Owner's Identification Card." 720 ILCS 5/24-1.6(a)(1), (a)(3)(A-5), (a)(3)(C) (West 2018).

¶ 16    In comparison, section 24-1(a)(4) of the UUW statue provides that:

"(a) A person commits the offense of unlawful use of weapons when he knowingly:

\* \* \*

(4) Carries or possesses in any vehicle or concealed on or about his person except when on his land or in his own abode, legal dwelling, or fixed place of business, or on the land or in the legal dwelling of another person as an invitee with that person's permission, any pistol, revolver, stun gun or taser or other firearm, except that this subsection (a)(4) does not apply to or affect transportation of weapons that meet one of the following conditions:

(i) are broken down in a non-functioning state; or

(ii) are not immediately accessible; or

(iii) are unloaded and enclosed in a case, firearm carrying box, shipping box, or other container by a person who has been issued a currently valid Firearm Owner's Identification Card; or

(iv) are carried or possessed in accordance with the Firearm Concealed Carry Act by a person who has been issued a currently valid license under the Firearm Concealed Carry Act." 720 ILCS 5/24-1(a)(4) (i), (ii), (iii), and (iv) (West 2018).[3]

¶ 17        There is no question that the AUUW and UUW statutes were enacted for the same purpose, i.e., protecting the police and the public from dangerous weapons. *People v. Pulley*, 345 Ill. App. 3d 916, 923-24 (2004), *McGee*, 341 Ill. App. 3d at 1037. The question is whether AUUW is a more serious offense, meriting a harsher punishment. We answer this inquiry in the affirmative.

¶ 18        Our review of the relevant caselaw reveals that several courts have addressed this identical issue. In *McGee*, the First District rejected the defendant's contention that a comparison

---

[3]The language of section 5/24-1 has been amended several times since the time of the crimes in May/June 2018. However, those subsections relevant in the instant case have remained static.

of the AUUW and UUW statutes, as they existed at the time, revealed a violation of the proportionate penalties clause.[4] *Id.* at 1035. The *McGee* court acknowledged, much like the instant case, the defendant's contention that a person carrying an uncased, loaded, readily accessible weapon can be convicted under either the AUUW or the UUW statute. *Id.*; see *People v. Miller*, 238 Ill. 2d 161, 166 (2010) (an offense is a lesser-included offense if it is impossible to commit the greater offense without necessarily committing the lesser offense). However, the court reasoned that the AUUW offense required proof that the defendant possess a weapon, while not having a FOID card, that was simultaneously uncased, loaded, and immediately accessible. *Id.* The court found that the simultaneous existence of all these factors was not required to sustain a UUW conviction, where one could be convicted if the gun was discovered unloaded or if the gun was loaded but enclosed in a case. *Id.* Additionally, the court pointed out that misdemeanor UUW did not require that the defendant had not been issued a FOID card. *Id.* For these reasons, the court held that the more serious conduct required to sustain an AUUW conviction justified a greater sentence.

¶ 19        Similarly, in *Pulley*, the First District upheld the constitutionality of the AUUW statute as it existed at the time following a proportionality challenge. *Pulley*, 345 Ill. App. 3d at 924. In so holding, the court provided that "[u]nder the [AUUW] statute the weapon must be loaded, uncased and easily accessible to the defendant, whereas under the UUW statute, possession of an unloaded weapon which is accessible and uncased is sufficient to violate the statute." *Id.* Thus, the greater potential harm posed by the conduct comprising the AUUW offense justified a greater sentence. *Id.*

_____

[4]The *McGee* court analyzed the AUUW and the UUW statutes as they existed in the year 2000.

¶ 20    More recently, in *People v. Wiley*, 2021 IL App (4th) 200079-U, ¶ 61, the Fourth District analyzed the same AUUW and UUW statutes before this court and found the offenses were not identical in violation of the proportionate penalties clause.[5] Citing *McGee*, the *Wiley* court reasoned that had the defendant's guns been enclosed in a case, he could only have been charged with UUW and not AUUW. *Id*. ¶ 60. The court also noted that our supreme court has held that the factors set forth in section 24-1.6(a)(3) of the AUUW statute are additional elements that " 'transform the crime from 'simple' unlawful use of a weapon to aggravated unlawful use of a weapon.' " *Id*. (quoting *People v. Zimmerman*, 239 Ill. 2d 491, 499 (2010)).

¶ 21    We find the analyses set forth in the above-mentioned cases persuasive. The proportionate penalties clause of the Illinois Constitution is not violated where a person convicted of AUUW may meet the criteria for a UUW conviction, but the opposite is not true. In other words, the mere fact that UUW is a lesser included offense of AUUW does not render the AUUW statute unconstitutional. See *Mosley*, 2015 IL 115872 (generally alluding to the lesser included nature of UUW in relation to AUUW). For example, a person convicted of aggravated battery could also have been convicted of simple battery for the same conduct. However, the facts giving rise to one's conviction for simple battery are not automatically sufficient to sustain an aggravated battery conviction where no aggravating circumstances are present. See 720 ILCS 5/12-3.05 (West 2020); *id*. § 12-3. The same thought exercise applies to the AUUW and UUW statutes. Under the UUW statute, a conviction may be sustained based on possession of an unloaded gun that is uncased and immediately accessible or on possession of a loaded gun that is encased and immediately accessible. An AUUW conviction could not be sustained under either of these scenarios.

_____

[5]Supreme Court Rule 23(e)(1) allows this court to cite nonprecedential orders for persuasive purposes. Ill. S. Ct. R. 23(e)(1) (eff. Jan. 1, 2021).

¶ 22       For these reasons, we hold that the AUUW and UUW offenses are not identical. Therefore, the higher sentence ascribed to an AUUW conviction is not constitutionally disproportionate. Defendants' convictions and sentences are affirmed.

¶ 23                                    III. CONCLUSION

¶ 24       The judgment of the circuit court of Peoria County is affirmed.

¶ 25       Affirmed.