2023 IL App (2d) 220364-U
Nos. 2-22-0364 & 2-22-0392 cons.
Order filed August 16, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 19-CF-1365 |
| ACO IVANOV, | ) ) | Honorable Patricia S. Fix, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Hutchinson and Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*:  (1) In punishing residential burglary more severely than looting from a dwelling, the legislature did not violate due-process or proportionate-penalties protections, because the offenses do not have identical or similar elements, and the legislature reasonably viewed residential burglary as the more serious offense.  (2) Rule 472 required a remand for the trial court to rule on defendant's motion for additional sentencing credit, which the trial court had erroneously stricken for lack of jurisdiction once defendant filed his notice of appeal.

¶ 2    Defendant, Aco Ivanov, pleaded guilty to residential burglary (720 ILCS 5/19-3(a) (West 2018)), and the trial court sentenced him to 7½ years in prison, with credit for 21 days spent in presentencing custody.  Defendant filed a motion for additional sentencing credit under Illinois

Supreme Court Rule 472 (eff. May 17, 2019). Before the court ruled on the motion, defendant filed a timely notice of appeal. Thereafter, the court struck defendant's motion, "based on notice of appeal being filed." On appeal, defendant contends that (1) the residential burglary statute violates his due process rights under the federal and Illinois constitutions (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2), (2) the residential burglary statute violates the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11), and (3) the court erred in dismissing for lack of jurisdiction his motion for additional sentencing credit. For the reasons that follow, we affirm defendant's conviction, vacate the dismissal of his motion for additional sentencing credit, and remand for further proceedings on the motion.

¶ 3                                   I. BACKGROUND

¶ 4     On June 19, 2019, defendant was charged by information with residential burglary (720 ILCS 5/19-3(a) (West 2018)) (count I) and criminal trespass to a residence (*id.* § 19-4(a)(1)) (count II). The offenses occurred on May 4, 2019. Defendant was taken into custody on June 21, 2019, and he posted bond that same day.

¶ 5     On June 14, 2019, before his arrest in the present case, defendant was arrested by Niles police and charged in Cook County (in case No. 19-CR-9123) with two counts of residential burglary (*id.* § 19-3(a)) (the Cook County case). On July 30, 2019, he pleaded not guilty. The record does not indicate when he posted bond after his arrest in the Cook County case; nevertheless, on September 10, 2019, electronic home monitoring (EHM) was added "as a condition of bond" in that case.

¶ 6     On October 2, 2019, defense counsel requested a continuance of the trial in the present case, and the trial court granted the motion. Also on that day, the court modified defendant's bond

to include certain additional conditions. The written order also provided: "All conditions to run concurrent w[ith] Cook County conditions."

¶ 7    On September 21, 2021, upon his conviction in the Cook County case, defendant was removed from EHM.

¶ 8    On February 18, 2022, defendant was taken into custody in Lake County for retail theft (case No. 22-CF-272). On March 11, 2022, defendant posted bond.

¶ 9    On July 25, 2022, defendant moved to dismiss count I of the information, contending that the residential burglary statute (*id.*) violated the due-process and proportionate-penalties clauses of the Illinois Constitution (Ill. Const. 1970, art. I, §§ 2, 11). On August 25, 2022, the trial court denied the motion.

¶ 10    On August 31, 2022, the parties presented the trial court with the terms of a negotiated plea agreement. The State indicated that defendant would plead guilty to residential burglary and "would be sentenced as an ex-offender" to 7½ years in prison, to be served at 50%, with 21 days of sentencing credit for time spent in the Lake County jail during the pendency of the case. In addition, the State would dismiss count II.

¶ 11    During the colloquy with the parties, the trial court inquired: "What is going on with the Cook County case?" The State advised the court that the Cook County case was "resolved to a Class Three" and that defendant had been sentenced to "three years in the Department of Corrections." The State advised further that "[defendant] was given credit of 830 days" and was currently "on parole for that offense." The court inquired whether and for how long defendant went to "D.O.C" in the Cook County case, and the State replied: "According to [*sic*] approximately I think ten days. He was placed on 18 months of [EHM]. He's not getting credit for that time for

this case." When the court asked defense counsel if "that [was] all correct," counsel replied, "Yes, I believe what the State said is substantially accurate."

¶ 12    Thereafter, the trial court heard the following factual basis for defendant's plea. On May 4, 2019, defendant knowingly and without authority entered the victim's dwelling place, which was in Lake County, with the intent to commit a theft therein. Surveillance equipment in the home allowed a Lake County sheriff's deputy to identify defendant.

¶ 13    After admonishing defendant, the trial court found that defendant's guilty plea to residential burglary was knowingly and voluntarily entered and that an adequate factual basis supported the plea. The court accepted the plea and sentenced defendant per the terms of the plea agreement to 7½ years in prison, with credit for 21 days spent in presentencing custody. The State dismissed count II of the information.[1]

¶ 14    On September 19, 2022, defendant filed a motion for additional sentencing credit under Illinois Supreme Court Rule 472 (eff. May 17, 2019). Defendant argued that he was entitled to additional sentencing credit under section 5-4.5-100 of the Unified Code of Corrections (730 ILCS 5/5-4.5-100 (West 2020)) for time spent on EHM in the Cook County case[2] from September 10,

---

[1]Defendant also pleaded guilty in case No. 22-CF-272 to retail theft, and the trial court sentenced him to one year of conditional discharge. The retail theft conviction is not at issue here.

[2]In his motion for additional sentencing credit and his briefs on appeal, defense counsel refers to the Cook County case as case No. "19CR1300401." The only other record reference to that case number appear in the transcript of the guilty plea hearing where the State indicated that, at the time of the residential burglary, "defendant had a prior conviction for theft in Cook County case 19 CR 1300401." By contrast, the documents attached in support of the motion for additional

2019, through September 21, 2021. In support, he attached (1) an "Information Indictment Return Sheet," filed on July 3, 2019, in Cook County, (2) a Cook County indictment, (3) a "Criminal Disposition Sheet," and (4) an "Electronic Monitoring Status Sheet." Defendant argued that, because "[he] was prosecuted [in Cook County] for conduct that occurred prior to his *** arrest [for the offenses in the present case]," he was entitled to sentencing credit for "2 years and 11 days" spent on EHM in the Cook County case.

¶ 15    On September 29, 2022, before the trial court ruled on defendant's motion for additional sentencing credit, defendant filed a timely notice of appeal. On October 4, 2022, the court struck defendant's Rule 472 motion, "based on notice of appeal being filed."

¶ 16                                II. ANALYSIS

¶ 17                A. Constitutional Challenges to the Residential Burglary Statute

¶ 18    Defendant makes two constitutional challenges to the residential burglary statute (720 ILCS 5/19-3 (West 2018)). First, he argues that the statute violates his due process rights under the federal and Illinois constitutions (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2) because it irrationally punishes the offense of residential burglary more severely than the lesser included offense of looting from a home or dwelling. Second, he contends that the residential burglary statute violates the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11) because the penalty for residential burglary is more severe than the penalty for looting from a dwelling, even though the offenses "contain the same elements and the same conduct."

_____

sentencing credit identify defendant's time in custody on case No. 19-CR-9123 as the basis for sentencing credit. We presume, therefore, that the relevant Cook County case is case No. 19-CR-9123.

¶ 19    Statutes are presumed constitutional, and a party challenging a statute bears the burden of demonstrating its invalidity. *People v. Graves*, 207 Ill. 2d 478, 482 (2003). Whether a statute is constitutional is a question of law we review *de novo*. *Id.*

¶ 20    We begin by setting forth the relevant statutory provisions. The residential burglary statute (720 ILCS 5/19-3 (West 2018)) provides:

> "(a) A person commits residential burglary when he or she knowingly and without authority enters or knowingly and without authority remains within the dwelling place of another, or any part thereof, with the intent to commit therein a felony or theft. This offense includes the offense of burglary as defined in Section 19-1.
>
> (a-5) A person commits residential burglary when he or she falsely represents himself or herself, including but not limited to falsely representing himself or herself to be a representative of any unit of government or a construction, telecommunications, or utility company, for the purpose of gaining entry to the dwelling place of another, with the intent to commit therein a felony or theft or to facilitate the commission therein of a felony or theft by another.
>
> (b) Sentence. Residential burglary is a Class 1 felony."

The prison sentence imposed for a Class 1 felony "shall be a determinate sentence of not less than 4 years and not more than 15 years." 730 ILCS 5/5-4.5-30(a) (West 2018).

¶ 21    The looting statute (720 ILCS 5/25-4 (West 2018)) provides:

> "(a) A person commits looting when he or she knowingly without authority of law or the owner enters any home or dwelling or upon any premises of another, or enters any commercial, mercantile, business, or industrial building, plant, or establishment, in which normal security of property is not present by virtue of a hurricane, fire, or vis major of any

kind or by virtue of a riot, mob, or other human agency, and obtains or exerts control over property of the owner.

(b) Sentence. Looting is a Class 4 felony. In addition to any other penalty imposed, the court shall impose a sentence of at least 100 hours of community service as determined by the court and shall require the defendant to make restitution to the owner of the property looted pursuant to Section 5-5-6 of the Unified Code of Corrections."

The prison sentence imposed for a Class 4 felony "shall be a determinate sentence of not less than one year and not more than 3 years." 730 ILCS 5/5-4.5-45(a) (West 2018).

¶ 22                                    1. Due Process

¶ 23    Defendant argues that the residential burglary statute violates his due process rights under the federal and Illinois constitutions (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2) because it expressly contravenes the legislature's intent to punish thefts from a dwelling more severely than thefts from other structures. Specifically, he claims that the residential burglary statute "prescribes a greater sentence for entry into a dwelling with just the intent to steal than the looting statute sets forth for entry into the same dwelling with an actual theft occurring." Defendant cites *People v. Natoli*, 70 Ill. App. 3d 131, 138-40 (1979), which held that it is "irrational," and indeed unconstitutional, for a "lesser offense" to receive a higher penalty than the greater offense.[3] See *id.* at 138-40 (statute that punished possession of a controlled substance more harshly than delivery of that controlled substance was "irrational" and "obviously a mistake" because possession was "a

_____

[3]While *Natoli* applied equal protection rather than due process principles, the case is still relevant here because due process also requires proportionality of punishment between offenses. See, *e.g.*, *People v. Wagner*, 89 Ill. 2d 308, 313 (1982).

lesser offense than delivery"). By "lesser offense," *Natoli* meant not a less serious offense but rather a *lesser included* offense. See *id.* at 138 ("Possession of ethchlorvynol is a lesser offense than delivery, in the sense that delivery includes all the elements of possession, and more.").

¶ 24    The constitutional guarantee of substantive due process limits the legislature's otherwise broad discretion to criminalize conduct. *People v. Madrigal*, 241 Ill. 2d 463, 466 (2011); see U.S. Const. amend. XIV; Ill. Const. 1970, art. I, § 2. Unless a fundamental constitutional right is implicated, Illinois courts use the rational basis test to determine whether a statute violates substantive due process. *People v. Villareal*, 2023 IL 127318, ¶ 22. "A challenged statute must be upheld if there is a conceivable basis for finding it is rationally related to a legitimate state interest." *Id.* "[T]he rational basis test is highly deferential to the findings of the legislature." *Id.*

¶ 25    Defendant notes that the legislature intended to punish burglary more severely when it is committed in "the dwelling place of another[.]" 720 ILCS 5/19-3(a) (West 2018). Residential burglary is a Class 1 felony (*id.* § 19-3(b)), whereas a burglary committed in other structures is a Class 2 or Class 3 felony (see *id.* § 19-1(b)). Thus, he argues that "[i]t is absurd, illogical, and irrational that the defendant who enters a dwelling and commits an actual theft receives a substantially less harsh of a punishment then [*sic*] one who merely enters with the intent to commit a theft." Pointing to the looting statute, he continues: "There is no way an individual could commit looting from a dwelling without at the very least committing the actual entry of the dwelling and a theft, [*i.e.*,] a residential burglary."

¶ 26    According to defendant:

> "[The looting statute (*id.* § 25-4(a))] requires there to be an entry into a dwelling or premises of another with an actual theft occurring. The requirement of an actual theft occurring is not contained in [the residential burglary statute (*id.* § 19-3(a))] or [the

burglary statute (*id.* § 19-1(a))]. Rather, one needs to only enter the residence with the intent to commit a theft. This entry and actual commission of a theft is a greater harm then [*sic*] just entering a residence with the intent to commit a theft. It is also a greater harm since it occurs during an emergency or vis major and takes advantage of an emergency, much like committing a robbery against an elderly person who cannot protect themselves [*sic*]."

¶ 27    Defendant's argument fails because it is based on the faulty premise that residential burglary is a lesser included offense of looting from a dwelling.[4] In considering whether an offense is a lesser included offense of another, we apply the "abstract elements" approach. *People v. Smith*, 2019 IL 123901, ¶ 37. "Under the abstract elements approach, we compare the statutory elements of the two offenses." *Id.* "If all the elements of one offense are included within the second offense and the first offense contains no element not included in the second offense, the first offense is deemed a lesser-included offense of the second." *Id.*

¶ 28    Residential burglary requires that a defendant "knowingly and without authority enter[ ] or knowingly and without authority remain[ ] within the dwelling place of another, or any part thereof, *with the intent to commit therein a felony or theft*." (Emphasis added.) 720 ILCS 5/19-3(a) (West 2018). Looting from a dwelling does not require that a defendant enter with the "intent

---

[4]There is no dispute that looting from a dwelling is not a lesser included offense of residential burglary. See *People v. Flores*, 269 Ill. App. 3d 196, 209 (1995) (noting that looting is not a lesser included offense of burglary, because "[a] conviction for looting would require proof that the defendant obtained control over property whereas the offense of burglary lacks such a requirement").

to commit therein a felony or theft"; it requires only that a defendant enter "knowingly without authority of law or the owner." *Id.* §§ 19-3(a), 25-4(a). Nevertheless, defendant argues that "[t]here is no way an individual could commit looting from a dwelling without at the very least committing the actual entry of the dwelling and a theft, [*i.e.*,] a residential burglary." According to defendant, because looting from a dwelling requires an "actual theft," once a defendant commits an "actual theft," he has necessarily committed residential burglary. See *People v. Dillavou*, 2011 IL App (2d) 091194, ¶ 18 (criminal intent formed after a lawful entry will satisfy the offense of burglary by unlawfully remaining).

¶ 29    However, contrary to defendant's argument, looting from a dwelling does not require an "actual theft." Section 16-1(a)(1), (a)(1)(A), (a)(1)(B), (a)(1)(C) of the Criminal Code of 2012 (720 ILCS 5/16-1(a)(1), (a)(1)(A), (a)(1)(B), (a)(1)(C) (West 2018)) sets out the offense of "theft," in relevant part, as follows:

>          "(a) A person commits theft when he knowingly:
>
>                    (1) Obtains or exerts unauthorized control over property of the owner; or
>
>                                        * * *, and
>
>                         (A) Intends to deprive the owner permanently of the use or benefit of the property; or
>
>                         (B) Knowingly uses, conceals or abandons the property in such manner as to deprive the owner permanently of such use or benefit; or
>
>                         (C) Uses, conceals, or abandons the property knowing such use, concealment or abandonment probably will deprive the owner permanently of such use or benefit."

Looting from a dwelling requires only that a defendant "obtain[ ] or exert [ ] control over property of the owner." *Id.* § 25-4(a); see *People v. Flores*, 269 Ill. App. 3d 196, 209 (1995) (after the defendant obtained unlawful entry, "[o]nly by committing the additional act of exerting control over the victim's property, *e.g.*, holding the saw, drill, and purse, did he commit looting"). Looting from a dwelling lacks the additional element of intentional or knowing permanent deprivation of the owner's use or benefit of the property, and, hence, it does not rise to the level of "theft." " '[We] may presume that the legislature, when drafting the language of the section, was aware of the construction and use of [a] term in another section.' " *Divane v. Smith*, 332 Ill. App. 3d 548, 553 (2002) (quoting *In re Application for Tax Deed*, 311 Ill. App. 3d 440, 444 (2000)). "[W]here the legislature uses certain words in one instance and different words in another, it intends different results." *Id.* Here, had the legislature intended to make "theft" an element of looting from a dwelling, it would have done so.

¶ 30    Accordingly, because residential burglary is not a lesser included offense of looting from a dwelling, there is no merit to defendant's claim that the less severe punishment for looting from a dwelling violates due process.

¶ 31                          2. Proportionate Penalties

¶ 32    Defendant next contends that the residential burglary statute violates the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11) because the penalty for residential burglary is more severe than the penalty for looting from a dwelling, yet the offenses "contain the same elements and the same conduct."

¶ 33    "The proportionate penalties clause of the Illinois Constitution provides that '[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of

restoring the offender to useful citizenship.' " *People v. Brooks*, 2022 IL App (3d) 190761, ¶ 11 (quoting Ill. Const. 1970, art. I, § 11).

> "Criminal sentences may be found unconstitutionally disproportionate where (1) the punishment is cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community; (2) similar offenses are compared and the conduct that results in a less serious threat to the public health and safety is punished more severely; and (3) identical offenses are given different sentences." *Id.*

¶ 34    Defendant's central argument is that the sentencing range for residential burglary violates the proportionate penalties clause under the third test because, according to defendant, residential burglary and looting of a dwelling "contain the same elements and the same conduct constitutes both offenses.  Both statutes encompass the element of a person entering a dwelling and committing a theft.  *** [T]here is no question that the statutes under review do not have the same penalties."  However, this third test "considers whether offenses with *identical* elements are given different sentences."  (Emphasis added.)  *People v. Williams*, 2015 IL 117470, ¶ 9.  As already noted, residential burglary and looting do not contain identical elements and thus a proportionate penalties challenge on this basis cannot succeed.

¶ 35    Defendant also seems to be arguing under the first test, which examines whether the punishment for an offense is proportionate to its severity.  He asserts that

> "[t]here is no question that it would shock the conscience of the community to learn that the looters who steal and commit residential burglaries receive 1-3 years in person [*sic*] and regular burglars who enter a dwelling with just the intent to steal or who commit the theft receive 4-15 years in prison."

However, this test considers whether the punishment for residential burglary is disproportionate to the offense of residential burglary itself. See *People v. Graves*, 207 Ill. 2d 478, 482 (2003) ("[A] penalty violates the proportionate penalties clause if it is cruel, degrading, or so wholly disproportionate to the offense committed as to shock the moral sense of the community."). Defendant makes no claim that a sentencing range between 4 and 15 years in prison for residential burglary (or his actual sentence of 7½ years in prison) is cruel, degrading, or so wholly disproportionate to the offense of residential burglary as to shock the conscience of the community.

¶ 36    Defendant's due process argument (addressed above) alludes to the second test, which examines whether, among similar offenses, less serious conduct is punished more severely. He argues that

> "[the] entry and actual commission of a theft [under the looting statute] is a greater harm then [*sic*] just entering a residence with the intent to commit a theft [under the residential burglary statute]. It is also a greater harm since it occurs during an emergency or vis major and takes advantage of an emergency, much like committing a robbery against an elderly person who cannot protect themselves [*sic*]."

But again, this argument relies on defendant's erroneous premise that the looting statute requires the commission of a theft. It also minimizes the seriousness of the offense of residential burglary, which requires entry with "*intent to commit therein a felony or theft*[,]" (emphasis added) (720 ILCS 5/19-3(a) (West 2018)) whereas looting requires only that a defendant's entry be done "knowingly without authority of law or the owner" (*id.* § 25-4(a)). Defendant stresses that looting "takes advantage of an emergency," but evidently the legislature saw such action as less serious than the targeting of a residence in "normal" times. See *People v. Parks*, 133 Ill. App. 2d 348, 350 (1971) ("The looting statute is patently intended as an amelioration for persons caught up in an

emotional situation who may succumb to temptation."). We will not upset that policy determination. See *People v. Sharpe*, 216 Ill. 2d 481, 487 (2005) ("We generally defer to the legislature in the sentencing arena because the legislature is institutionally better equipped to gauge the seriousness of various offenses and to fashion sentences accordingly.")

¶ 37 Moreover, under defendant's hypothetical, if a person entered a residence and committed theft "during an emergency or vis major," that person committed both residential burglary *and* looting from a dwelling and could be properly charged with and convicted of both offenses. See *Flores*, 269 Ill. App. 3d at 209 (the defendant was properly convicted of both residential burglary and looting from a dwelling because the offenses "are not otherwise completed by the same physical act," in that residential burglary is completed once the offender unlawfully enters the residence with the intent to a commit therein a theft or felony, while looting from a dwelling is not completed until the offender, after entering the dwelling, obtains or exerts control over the owner's property); see also *People v. Long*, 126 Ill. App. 2d 103, 108 (1970) (rejecting the defendant's argument that, when "normal security of property is not present by virtue of riot, mob or other human agency, the crime of burglary is not a proper charge").

¶ 38 Accordingly, based on the foregoing, we find no proportionate penalties violation.

¶ 39                B. Motion for Additional Sentencing Credit

¶ 40 Defendant's final argument on appeal is that the trial court erred in striking, for lack of jurisdiction, his motion under Rule 472 for additional sentencing credit for time spent on EHM in the Cook County case. He asks that we remand the matter. The State concedes that the court erred in striking defendant's motion, but it nonetheless proceeds to argue that defendant was not entitled to the sentencing credit for various reasons.

¶ 41 Rule 472 provides in relevant part as follows:

"(a) In criminal cases, the circuit court retains jurisdiction to correct the following sentencing errors at any time following judgment and after notice to the parties, including during the pendency of an appeal, on the court's own motion, or on motion of any party:

* * *

(3) Errors in the calculation of presentence custody credit; ***

* * *

(c) No appeal may be taken by a party from a judgment of conviction on the ground of any sentencing error specified above unless such alleged error has first been raised in the circuit court. When a post-judgment motion has been filed by a party pursuant to this rule, any claim of error not raised in that motion shall be deemed forfeited.

***

(e) In all criminal cases pending on appeal as of March 1, 2019, or appeals filed thereafter in which a party has attempted to raise sentencing errors covered by this rule for the first time on appeal, the reviewing court shall remand to the circuit court to allow the party to file a motion pursuant to this rule." Ill. S. Ct. R. 472(a)(3), (c), (e) (eff. May 17, 2019).

¶ 42    Rule 472(a)(3) makes clear that, here, the trial court "retain[ed] jurisdiction" to rule on defendant's motion for additional "presentence custody credit" despite defendant's subsequent filing of a notice of appeal. See Ill. S. Ct. R. 472(a)(3) (eff. May 17, 2019). Since defendant had no opportunity to argue his motion in the trial court, Rule 472(e) plainly requires us to remand the cause for defendant to present the motion.

¶ 43    As noted, the parties agree that the trial court erred in striking defendant's motion. Nevertheless, in his opening brief, defendant argues alternatively that, "absent a remand," we

should award him the sentencing credit. However, he fails to cite any authority for either (1) the implicit premise that we may reach the merits of his argument notwithstanding Rule 472's directive or (2) the basis for his claim that he is entitled to sentencing credit in this case for time spent in EHM in the Cook County case. Similarly, the State provides no authority for its implicit position that, notwithstanding Rule 472, we can reach the merits of the sentencing-credit issue even though the trial court did not consider it. Therefore, both parties have forfeited any argument that we can properly consider the merits of the sentencing-credit issue. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."); *Kic v. Bianucci*, 2011 IL App (1st) 100622, ¶ 23 ("A failure to cite relevant authority violates Rule 341 and can cause a party to forfeit consideration of an issue."). Indeed, in his reply brief, defendant is now unequivocal that this court must decline to address the merits of the sentencing-credit issue since he lacked a meaningful opportunity to raise it below. See *People v. Eason*, 2020 IL App (3d) 180296, ¶ 14 (a remand was required under Rule 472 where defense counsel objected to imposing a street-value fine but had no meaningful opportunity to develop the objection).

¶ 44 Accordingly, we must remand the cause for defendant to have a meaningful opportunity to present his motion for additional sentencing credit.

¶ 45                                III. CONCLUSION

¶ 46 For the reasons stated, we affirm defendant's convictions but vacate the order striking his motion for additional sentencing credit and remand the cause for further proceedings on the motion.

¶ 47 Affirmed in part and vacated in part.

¶ 48 Cause remanded.